MAGDALEN E. WALKER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Walker v. Commissioner
Docket No. 39947-85.
United States Tax Court
T.C. Memo 1987-409; 1987 Tax Ct. Memo LEXIS 406; 54 T.C.M. (CCH) 169; T.C.M. (RIA) 87409; August 24, 1987. Magdalen E. Walker, pro se. Carol-Lynn E. Moran, for the respondent. TANNENWALD
MEMORANDUM FINDINGS OF FACT AND OPINION TANNENWALD, Judge: Respondent determined a deficiency of $ 2,846 in petitioner's income tax for 1981 and an addition to tax of $ 711.05 under section 6651(a). [1] The sole issue for decision is the deductibility of certain expenditures by petitioner for preparing for, and obtaining admission to, the California bar. For convenience, we *407 have combined our findings of fact and opinion. Substantially all the facts have been stipulated and are found accordingly. At all times pertinent herein, petitioner resided in Willingboro, New Jersey. Petitioner received her license to practice law in New Jersey in 1974 and in Pennsylvania in 1975, and thereafter engaged in private practice. In the summer of 1981, petitioner travelled to California to take the California bar examination. She expended $ 1,092 for airfare, lodging, bar examination fees, transcripts and fee for admission to the United States District Court. In addition, petitioner expended $ 1,106.49 for a California bar review course by correspondence and books on California law in preparation for that bar examination. The amounts expended and the fact that the expenditures were made in 1981 are not in dispute. Respondent argues that petitioner's successful efforts to obtain admission to the California bar qualified her for a new trade or business and therefore her expenditures are not *408 deductible, relying on Sharon v. Commissioner,66 T.C. 515, 529 (1976), affd. per curiam 591 F.2d 1273 (9th Cir. 1978), Horodysky v. Commissioner,54 T.C. 490 (1970) and section 1.162-5(b), Income Tax Reg. Petitioner asserts that her situation differs from that of the taxpayer in Sharon who, as a member of the New York bar, was employed as an attorney with the Internal Revenue Service and sought to qualify to engage in the private practice of law, i.e., a new trade or business. By way of contrast, petitioner points out that, in 1981, she was already engaged in the private practice of law and merely sought to expand that practice, i.e., the same trade or business, to California. We think the eye of the petitioner's needle is too small to thread. The following in our opinion in Sharon (characterized as dicta by petitioner -- a characterization with which we disagree) addresses and rejects petitioner's argument: Before taking the bar review course and passing the attorney's bar examination, the petitioner was an attorney licensed to practice law in New York. As an attorney for the Regional Counsel, *409 he could represent the Commissioner in this Court. However, he could not appear in either the State courts of California, the Federal District Courts located there, nor otherwise act as an attorney outside the scope of his employment with the IRS. See Cal. Bus. & Prof. Code sec. 6125 (West 1974); 20 op. Cal. Atty. Gen. 291 (1952). If he had done so, he would have been guilty of a misdemeanor. Cal. Bus. & Prof. Code sec. 6126 (West 1974). Yet, after receiving his license to practice law in California, he became a member of the State bar with all its accompanying privileges and obligations. He could appear and represent clients in all the courts of California. By comparing the tasks and activities that the petitioner was qualified to perform prior to receiving his license to practice inCalifornia with the tasks and activities he was able to perform after receiving such license, it is clear that he has qualified for a new trade or business. Consequently, the expenses of his bar review course were personal and are not includable in the cost of his license to practice law in California. It is true that even before he became a member of the bar of California, the petitioner *410 was engaged in the business of practicing law. Cf. David J. Primuth,54 T.C. 374 (1970). However, in applying to determine whether educational expenses are personal or business in nature, it is not enough to find that the petitioner was already engaged in some business -- we must ascertain the particular business in which he was previously engaged and whether the education qualified him to engage in a different business. Before taking the bar review course and becoming a member of the bar of California, the petitioner could not generally engage in the practice of law in that State, but the bar review course helped to qualify him to engage in such business. [66 T.C. at 529. [2] Emphasis added.] *411 We do not read the per curiam opinion of the Ninth Circuit Court of Appeals as qualifying or rejecting the foregoing rationale. While it is true that the Court of Appeals made references to the taxpayer's position as an IRS attorney, we are satisfied that this status was not the sine qua non of its affirmance of our decision. See 591 F.2d at 1275, where the court stated: The Tax Court's determination is correct. Sharon was not qualified for private practice in California. His job did not require him to be. Consequently, the expenses incurred for the bar review course allowed him to represent California clients and to pursue private practice rather than to continue practice as an IRS attorney. As the Tax Court concluded, this qualified Sharon to perform significantly different tasks and activities than he could have performed prior to the course. [Emphasis added.] As part of his argument against the deductability of the expenses claimed herein, respondent argues that the $ 1,092 representing the costs of obtaining admission to the California bar represents capital expenditures amortizable over the useful life of the asset, citing Sharon v. Commissioner,66 T.C. at 526-527. *412 We take this as a concession by respondent that petitioner may amortize such amount over her life expectancy, the calculation of which can be accomplished in the Rule 1155 computation. In this connection, we note that the $ 1,106.49, representing the costs of the California bar review course and books on California law, is not amortizable. Denman v. Commissioner,48 T.C. 439, 446 (1967). See also Sharon v. Commissioner,66 T.C. at 526. Petitioner's attempt to bring her claims herein within the protection of Article I, section 8 (the Commerce Clause) of the United States Constitution must be rejected. Deductions are a matter of legislative discrimination, which we do not think exists under the circumstances of this cause. Reading v. Commissioner,70 T.C. 730, 734 (1978), affd. per curiam 614 F.2d 159 (9th Cir. 1980); Keeler v. Commissioner,70 T.C. 279, 284-285 (1978). With respect to the addition to tax under section 6651(a), the copy of petitioner's 1981 return attached to the stipulation of facts bears *413 the signature of petitioner and April 15, 1982 as the date of signature, but neither in the stipulation of facts nor as the trial was there any evidence as to when the return was filed. The deficiency notice was mailed on July 26, 1985 which would have been more than three years after the date of filing has such filing been timely, namely, on April 15, 1982. However, at not time did petitioner assert the statute of limitations as a bar to the deficiency, see section 6501(a). Under the foregoing circumstances, we hold that petitioner has failed to carry her burden of proof, and respondent's determination is sustained. Waddel v. Commissioner,86 T.C. 848, 916 (1986). See also Sanderling, Inc. v. Commissioner,571 F.2d 174, 178 (3d Cir. 1978), revg. on other grounds 66 T.C. 743 (1976) and 67 T.C. 176 (1976). In order to reflect concessions of the parties, Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code in effect during the year in issue, and all rule references are to Tax Rules of Practice and Procedure. ↩
2. See also Horodysky v. Commissioner,54 T.C. 490 (1970), wherein we denied a lawyer who migrated from Poland the right to deduct the costs of a law school education as a result of which he was admitted to the Ohio bar, and stated: In Ohio in 1965 and 1966, petitioner did not have any status as a lawyer to retain; the completion of a formal law school curriculum and passing Ohio's bar examination amounted to his initial acquisition of this status with the State. * * * [54 T.C. at 492↩. Fn ref. omitted.]