LEONA LEVINE AND SAMUEL M. LEVINE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Levine v. Commissioner
Docket No. 6521-84.
United States Tax Court
T.C. Memo 1987-413; 1987 Tax Ct. Memo LEXIS 410; 54 T.C.M. (CCH) 209; T.C.M. (RIA) 87413; August 24, 1987. Samuel M. Levine, pro se. Jody Tancer, for the respondent. WRIGHT
MEMORANDUM FINDING OF FACT AND OPINION WRIGHT, Judge: Respondent determined a deficiency in petitioners' 1981 Federal income tax in the amount of $ 4,669. The issues presented for consideration are: (1) whether a charitable contribution deduction of $ 7,000 is available for the value of petitioners' services to Health Advocates, Inc., Plus Group Homes, Inc., and the New York State Council of Organizations for the Handicapped or, alternatively, whether petitioners are entitled to deduct said amount as a non-business bad debt or an expense incurred in an activity not engaged in for profit; (2) whether petitioners are entitled to a deduction for travel expense for trips to Israel and Tampa, Florida;; (3) *412 whether petitioners are entitled to deduct automobile expenses of $ 1,021; and (4) whether petitioners are entitled to deduct office supplies and expenses in the amount of $ 2,965. FINDING OF FACTS Some of the facts have been stipulated and are so found. The stipulation of facts together with the exhibits attached thereto are incorporated herein by this reference. Petitioners Samuel M. Levine and Leona Levine resides in Oceanside, New York, at the time the petition in this case was filed. They timely filed a joint Federal income tax return for the 1981 taxable year. During the year in issue petitioner Samuel M. Levine (hereinafter petitioner) was employed full-time by the County of Nassau, New York (Nassau County), as the Superintendent of Real Estate. His office was located in Mineola, New York. He also conducted a part-time law practice concentrating on the rights of the handicapped, disabled and the elderly. Petitioner Leona Levine was a full-time homemaker. Petitioner received wages from Nassau County totaling $ 36,069.93 during 1981. On Schedule C of the joint tax return, petitioner also reported gross receipts of $ 3,130 and deductions of $ 8,186 with respect *413 to his part-time law practice. During 1981, petitioner performed services for Health Advocates, Inc., Plus Group Homes, Inc., and the New York State Council of Organizations for the Handicapped,agencies concerned with the rights of the handicapped, disabled and the elderly. Petitioner valued these services at $ 7,000 and claimed a charitable deduction for that amount. The value of these services was not reported by petitioner as income in 1981. Petitioner traveled to Israel from October 15, 1981 through November 2, 1981. The trip was arranged through Intercontinental Tours and its itinerary included numerous tourist and sightseeing activities. On October 29, 1981 and November 1, 1981, petitioner met with members of Israeli organizations concerned with the rights of the elderly, handicapped, and disabled. Petitioner deducted $ 1,799, which was the entire amount of his travel expenses to Israel. Petitioner, a practicing attorney in New York since 1953, also traveled to Tampa, Florida in order take the Florida Bar examination. Petitioner arrived in Tampa a few days prior to the examination to attend a bar review seminar. Petitioner deducted the costs of the trip to Florida, *414 the bar review seminar fee and the bar examination fee. Petitioner listed automobile expenses on Schedule C of the joint return. These expenses were partially incurred in connection with petitioner's employment as an attorney with Nassau County and partially in his work in connection with various charitable organizations. A portion of these expenses were incurred in his travel between his residence and his office. A deduction of $ 2,965 for office supplies and expenses was taken by petitioner. Respondent issued a notice of deficiency disallowing charitable contributions of $ 7,000, travel expenses of $ 2,971, automobile expenses of $ 1,021 and office expenses of $ 1,618. OPINION Respondent's determinations are presumptively correct. Deductions are a matter of legislative grace and petitioner bears the burden of proving his entitlement to them. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). Charitable Contribution
There shall be allowed as a deduction *415 any charitable contribution, payment of which is made within the taxable year. A charitable contribution shall be allowable as a deduction only if verified under regulations prescribed by the Secretary. Section 170(a). [1] The term charitable contribution means a contribution or gift to or for the use of qualified charitable organizations. Sec. 170(c)(2)(B). The parties have stipulated that petitioner provided legal services, with a fair market value of $ 7,000, to three qualified organizations. Respondent disallowed petitioner's deduction, however, on the basis that no deduction is allowable under section 170 for a contribution of services to a charitable organization. Sec. 1.170A-1(g), Income Tax Regs. Petitioner contends, however, that this regulation is invalid. A long standing regulation which applies to a subsequently reenacted statute is treated *416 as having congressional approval and has the force and effect of law. Grant v. Commissioner,84 T.C. 809 (1985), affd. without published opinion 800 F.2d 260 (4th Cir. 1986). The Supreme Court has often stated that regulations must be sustained unless they are unreasonable and plainly inconsistent with the statute. Lykes v. United States,343 U.S. 118 (1952); Commissioner v. South Texas Lumber Co.,333 U.S. 496 (1948). Since 1958, it has been the Commissioner's position that the value of services rendered to a charitable organization is not deductible. This position has been upheld by the Court. Grant v. Commissioner, supra.Congress has made several amendments to the Internal Revenue Code, including the recent and most sweeping, the Tax Reform Act of 1986, without revising the administrative interpretation of section 170. Due to its longevity and its withstanding of subsequent amendments the regulation is treated as having the force and effect of law. Furthermore, petitioner has not brought forth any evidence concerning the regulation's unreasonable application or its inconsistency with the *417 statute. Therefore, petitioner is not entitled to deduct the value of services rendered to charitable organizations as a charitable contribution. Petitioner argues in the alternative that the deduction is allowable as a bad debt under section 166 or as an expense incurred in an activity not engaged in for profit under section 183. Turning to petitioner's first contention, we note that section 166 allows a deduction for any debt which becomes worthless within the taxable year. The question of whether a debt becomes worthless during a taxable year is to be determined on the basis of the surrounding facts and circumstances, the burden of proof being on petitioner. Mueller v. Commissioner,60 T.C. 36, 41 (1973), affd. on this issue 496 F.2d 899 (5th Cir. 1974). A bad debt is deductible under section 166 if it is a bona fide bad debt. A bona fide bad debt is a debt which arises from a debtor-creditor relationship based on a valid and enforceable obligation to pay *418 a fixed or determinable sum of money. Sec. 1.166-1(c), Income Tax Regs. Petitioner's alleged debt clearly does not fall within this criterion. In the instant case, a debtor-creditor relationship between petitioner and the various charitable organizations did not exist because petitioner never intended to collect the amounts at issue. Although petitioner provided a statement to the qualified organizations at the end of the taxable year setting forth the value of his contribution, he indicated that he intended to use the value of the services as a charitable contribution deduction. Petitioner never billed the organizations for his time nor has he shown any attempt to collect the amounts that he alleges are due. We conclude that the value of services rendered by petitioners does not constitute a bad debt and, therefore, is not deductible under section 166. Petitioner contends, alternatively, that the value of his services should be deductible as an activity not engaged in for profit pursuant to section 183. Section 183 provides in pertinent part: (a) General *419 Rule. -- In the case of an activity engaged in by an individual * * *, if such activity is not engaged in for profit, no deduction attributable to such activity shall be allowed under this chapter except as provided in this section. (b) Deduction Allowable. -- In case of an activity not engaged in for profit * * *, there shall be allowed -- (1) the deduction which would be allowable * * * without regard to whether or not such activity is engaged in for profit, and (2) a deduction equal to the amount of the deductions which would be allowable under this chapter for the taxable year only if such activity were engaged in for profit, but only to the extent that the gross income derived from such activity for the taxable year exceeds the deductions allowable by reason of paragraph (1). With respect to the instant facts, petitioner's reliance on this section of the code is misplaced. While considering but not expressly deciding the issue under section 183, we note that section allows an additional deduction only in those instances where the income generated by the not for profit activity *420 exceeds the deductions from this activity. As discussed previously, petitioner did not bill for these services nor did he make attempts to collect fees which would generate income. Therefore, because petitioner has no income which exceeds expenses from his not for profit activities, a deduction is not allowable under section 183. Automobile Expenses
Petitioner argues that a deduction should be allowed for his automobile expenses. Petitioner testified that the expenses were incurred partially in connection with his employment with Nassau County and partially for his work with various charitable organizations. With respect to the expenses relating to his Nassau County employment, petitioner testified that he traveled between his residence in Oceanside, New York, and his office on a daily basis. Petitioner claimed that he maintained a law practice and represented Nassau County as a client. Petitioner's testimony, as well as the evidence of record, establishes that he was actually employed by Nassau County as the Superintendent of Real Estate. Therefore, the travel expenses relating to his employment are *421 commuting expenses, which are personal in nature and are not deductible. Sec. 262(b)(5). Fausner v. Commissioner,413 U.S. 838 (1973); Commissioner v. Flowers,326 U.S. 465 (1946). Respondent's disallowance of these expenses is sustained. Secondly, while a portion of expenses relating to petitioner's law practice may be deductible as ordinary and necessary business expenses or as out-of-pocket transportation expenses associated with providing services to qualified charitable organizations, petitioner has not provided any documentation at trial relating these expenses to specific charitable organizations. Sec. 162; sec. 1.170A-1(f)(1), Income Tax Regs. No travel logs, receipts, bills, cancelled checks, or other records were presented at trial. Welch v. Helvering,290 U.S. 111 (1933). Petitioner has not met his burden of proof with regard to the claimed deduction. Therefore, respondent's disallowance of the deduction is also sustained. Business Related Travel and Educational Expenses
Petitioner argues that the expenses incurred on his trip to Israel are deductible as business expenses under *422 section 162. Section 162 allows as a deduction all ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business, including travel expenses while away from home in the pursuit of trade or business. Reed v. Commissioner,35 T.C. 199 (1960). When the taxpayer's travel has both a personal and a business purpose, travel expenses are deductible only if the trip is related primarily to the taxpayer's trade or business. The fact that the taxpayer engaged in business during a portion of the trip is not sufficient to entitle him to deduct travel expenses absent a showing that business was the primary motive for the trip. Reed v. Commissioner, supra;sec. 1.162-2(b)(1), Income Tax Regs. In the instant case, petitioner's trip to Israel lasted over two weeks, and the itinerary indicates numerous social and sight-seeing activities. Although petitioner presented a memorandum indicating that he spent *423 part of two days meeting with Israeli officials in order to develop his legal practice with respect to rights of the handicapped and disabled, he spent the remaining 13 days as a tourist. Because the overwhelming majority of time spent in Israel was of a personal rather than a business nature, the expenses of the trip were primarily personal. Therefore, petitioner's expenses incurred in traveling to and from his destination are not deductible. Despite petitioner's inability to deduct transportation to and from Israel, expenses incurred while at his destination, which are properly allocable to his trade or business, are deductible. Sec. 1.162-2(b)(1), Income Tax Regs. Petitioner testified that his discussions with Israeli officials helped in generating future legal fees. Thus, the expenses associated with these meetings are deductible. Although the evidence is not entirely satisfactory we find $ 125 of the costs associated with the Israel trip to be deductible by petitioner. [2]
Petitioner next argues *424 that the costs of travel to Florida, the bar review fees, the examination fees, and lodging expenses while in Florida should be fully deductible under section 162 as ordinary and necessary business expenses. Respondent disallowed these deductions on the basis that these costs are personal in nature and are therefore not deductible. We agree with respondent. As stated above, section 162 allows a deduction for ordinary and necessary business expenses paid or incurred during the taxable year in carrying on a trade or business. The amount paid by petitioner for a bar review course was an expenditure "made by an individual for education." Sec. 1.162-5(a), Income Tax Regs. Educational expenses incurred to meet the minimum educational requirements for qualification in a taxpayer's trade or business or which qualify him for a new trade or business are personal expenditures. Sharon v. Commissioner,66 T.C. 515 (1976), affd. 591 F.2d 1273 (9th Cir. 1978), cert. denied 442 U.S. 941 (1979). Petitioner was engaged in the *425 business of practicing law in New York, but the expenses will not be deductible if we find that the expenses were incurred in qualifying him for a new trade or business. Prior to taking the bar review course and sitting for the Florida bar petitioner could not engage in the practice of law in the State of Florida. The bar review course assisted in preparing him for the examination, which in turn qualified him to engage in the practice of law in Florida, which is a new trade or business as compared to the practice of law in New York. Sharon v. Commissioner, supra at 529-530; Glenn v. Commissioner,62 T.C. 270 (1974); Avery v. United States,419 F. Sup. 105 (N.D. Iowa 1976). The cost of the bar review course and related travel expenses are not deductible under section 162 as ordinary and necessary business expenses because they are personal in nature, qualifying the petitioner for entry into a new trade or business. Petitioner argues that a deduction should be allowed for bar examination fees of $ 525. The payment of fees enabled petitioner to take the Florida Bar Examination, enabling him to obtain a license to practice law *426 in Florida. This fee is for the privilege of practicing law and is a nondeductible capital expense because it has value beyond the year in issue. Sharon v. Commissioner, supra.[3]
Petitioner has also deducted expenses for local travel. At trial, petitioner did not set forth the amount of this travel, nor did he provide details of the charitable purpose or business destination of such travel. No travel logs, bills, receipts, or invoices were presented at trial to enable petitioner to meet his burden of proof on this issue. Welch v. Helvering, supra.Respondent's disallowance of the deduction for local travel is therefore sustained. Office Supplies and Expenses
Petitioner claimed a deduction on his Schedule C for office supplies and expenses in the amount of $ 2,965. Respondent allowed $ 1,347 of this deduction and disallowed *427 the remainder which consisted of amounts for bar review expenses, bar examination fees and checks made payable to cash or petitioner Samuel Levine. The deductibility of the bar review course expenses has been discussed previously and respondent's disallowance has been sustained. Petitioner argues that a deduction should be allowed in the amount of $ 468 for checks which were made payable to Samuel Levine or to cash, which he claims were for the expenses of his part-time law practice. While section 162 allows a deduction for all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, the taxpayer has the burden of proving the claimed deduction. Welch v. Helvering, supra;Rule 142(a). Petitioner submitted copies of canceled checks from a joint bank account which are marked "office expenses," except for check No. 7295 which indicates a $ 6.45 filing fee for "H.A." (Health Associates). Petitioner provided no other substantiation for these expenses. Accordingly, petitioner has not met his burden of proof *428 on this issue. Welch v. Helvering, supra.Respondent's determination therefore will be sustained. To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. All section references herein are to the Internal Revenue Code of 1954,m as amended and in effect during the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. No contention was raised concerning section 274. ↩
3. See also Walker v. Commissioner,T.C. Memo. 1987-409↩ (lawyer licensed in New Jersey and Pennsylvania sought to deduct airfare, lodging, bar review course, and fees for California bar examination).