EARL D. CLARK, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Clark v. Commissioner
Docket Nos. 14476-87; 30911-87
United States Tax Court
T.C. Memo 1989-598; 1989 Tax Ct. Memo LEXIS 597; 58 T.C.M. (CCH) 600; T.C.M. (RIA) 89598; October 31, 1989
Travis L. Bowen, for the petitioner. Mark H. Howard, for the respondent. POWELL
MEMORANDUM FINDINGS OF FACT AND OPINION POWELL, Special Trial Judge: [1] Respondent determined a deficiency in petitioner's 1983 and 1984 Federal income tax liability in the amounts of $ 1,433 and $ 2,027, *600 respectively. After concessions by both parties, the issues remaining are: (1) whether petitioner is allowed deductions in excess of those determined by respondent for (a) moving expenses, (b) expenses relating to his activity as a writer, and (c) expenses relating to his practice of law; and (2) whether petitioner is entitled to use the income averaging provisions for 1984. Some of the facts have been stipulated and are incorporated herein. Petitioner resided in Midvale, Utah when he filed his petitions. For convenience, we have combined our findings of fact and opinion for each issue. The burden of proof as to all issues is on petitioner. Rule 142(a). Preliminary Matters
Petitioner claims that prior to trial respondent never questioned the *601 substantiation aspect of his deductions, and thus was precluded from doing so at trial. However, the notice of deficiency clearly targeted the deductions that are in dispute, and there is no credible evidence supporting petitioner's assertion that respondent would not require him to substantiate his deductions. Deductions are a matter of legislative grace, and petitioner bears the burden of proving the correctness of the deductions claimed. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); Rule 142(a). Petitioner, therefore, must provide adequate substantiation to be entitled to his deductions. Furthermore, petitioner's own statements at trial contradict his contention that he has been surprised by respondent's position at trial. For instance, at the start of trial petitioner claimed that respondent was raising new issues, but proceeded to state: "As I indicated in my opening statement, we are prepared to rebut any evidence that [respondent] may introduce with regard to those issues. Surprised, no, but the timeliness again is in question." In all events, *602 we find that petitioner has not been surprised or disadvantaged by respondent. See Foster v. Commissioner, 80 T.C. 34, 219-222 (1983), affd. in part and vacated in part 756 F.2d 1430 (9th Cir. 1985), cert. denied 474 U.S. 1055 (1986). Moving Expenses
From June 1983 to December 31, 1984, petitioner worked full time as a law clerk or as an attorney for a Salt Lake City law firm. Petitioner had worked for the law firm during the summer of 1982 while attending law school, and became a full-time associate with the firm in May 1983. From May to October petitioner commuted to the firm from his parent's home in Provo, Utah. In October, petitioner purchased and moved to a condominium in Midvale, Utah. Petitioner continued to be employed with the firm after he moved to Midvale. Midvale is more than 35 miles from Provo. On his 1983 tax return petitioner deducted $ 963 in moving expenses. Respondent allowed $ 463 of this amount for pre-move house hunting trips and closing costs, but disallowed the remainder of petitioner's deduction. Section *603 217(a) allows a deduction for moving expenses paid or incurred during the taxable year in connection with the commencement of work by the taxpayer at a new principal place of work. Respondent contends that petitioner's move was not made in connection with his work at a new principal place of work because petitioner had been working for the same law firm for six months prior to his move to Midvale. Section 1.217-2(a)(3)(i), Income Tax Regs. provides: To qualify as being in connection with the commencement of work, the move must bear a reasonable proximity both in time and place to such commencement at the new principal place of work. In general, moving expenses incurred within one year of the date of the commencement of work are considered to be reasonably proximate in time to such commencement. * * * Petitioner incurred his moving expenses within one year of the date when he began his permanent employment with the law firm. Therefore, petitioner is entitled to a deduction to the extent he can substantiate his moving expenses. Respondent disallowed $ 500 *604 of petitioner's moving expense deduction for lack of substantiation. On the day prior to trial petitioner prepared, based on his own estimates, a summary of his moving expenses. Petitioner, however, has no receipts for gasoline, trailer rentals, or any other moving expenses. Based on the evidence presented, we find that petitioner incurred moving expenses totaling $ 200, and allow him a deduction in this amount. Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930). Writing Activity
In the late 1970's, as part of an undergraduate honors seminar at Brigham Young University, petitioner wrote a research paper on the sacrifice of Isaac. He chose this topic because he found it to be interesting and intriguing. In approximately 1980, petitioner resumed his research on this topic, and later expanded the scope of his original manuscript to include more information on Isaac and Abraham. Petitioner has attended annual conventions of the Society of Biblical Literature, and has discussed his topic with various Biblical scholars and authors. He discussed his manuscript with John Welch, a law professor at Brigham Young University, and John Tvedtnes, a teacher and author *605 of three published books. At trial, Professor Welch testified as to the general royalty arrangement of one publishing company. However, neither Professor Welch nor Mr. Tvedtnes testified as to the profit potential of petitioner's manuscript. Since resuming his research in 1980, petitioner claims to have devoted 20 to 25 hours per week to this activity, a significant portion of which entailed researching his topic. During the time he claims to have worked on his manuscript petitioner also attended law school full-time, and later worked as a full-time associate at a law firm. In May of 1984 petitioner stated to the Internal Revenue Service that his manuscript only needed a little "fine tuning" before it would be ready for publication. Petitioner has yet to publish his manuscript. Petitioner deducted the following expenses he claims to have incurred in connection with his writing activity: [2]
1983
Car and home office depreciation
$ 6,650.00
Car and home office insurance
410.00
Office and utility expenses
504.00
Car and truck expenses
801.00
Supplies
185.00
Rent on business property
(office furniture)
256.00
1984
Rent on business property
(office furniture)
1,064.00
Travel/entertainment
674.00
Books
1,774.00
Legal/professional fees
700.00
Car depreciation
1,588.00
*606 Section 183(a) provides that if an activity is not engaged in for profit, no deduction attributable to such activity shall be allowed except as provided in section 183(b). [3]Section 183(c) defines an activity not engaged in for profit as an activity that is neither a trade or business for purposes of section 162 nor entered into for the production of income for purposes of section 212(1) or (2). To deduct the expenses of an activity under either section 162 or section 212, the taxpayer must establish that he engaged in the activity with an actual and honest profit objective. Dreicer v. Commissioner, 78 T.C. 642, 645 (1982), *607 affd. without published opinion 702 F.2d 1205 (D.C. Cir. 1983); Allen v. Commissioner, 72 T.C. 28, 33 (1979). While the taxpayer need not prove that his expectation of profit was reasonable, he must prove that he had a bona fide profit objective. Dreicer v. Commissioner, supra; Golanty v. Commissioner, 72 T.C. 411, 425-426 (1979), affd. without published opinion 647 F.2d 170 (9th Cir. 1981). "Profit" means an economic profit, independent of tax savings. Estate of Baron v. Commissioner, 83 T.C. 542, 557-559 (1984), affd. 798 F.2d 65 (2d Cir. 1986); Beck v. Commissioner, 85 T.C. 557, 570 (1985). The existence of a profit objective is a question of fact to be determined on the basis of all surrounding facts and circumstances. Sec. 1.183-2(b), Income Tax Regs.; Allen v. Commissioner, supra at 34. Petitioner bears the burden of proving that he possessed the requisite profit objective. Golanty v. Commissioner, supra at 426; *608 Rule 142(a). In determining whether petitioner's author activity satisfies the "for profit" criterion, greater weight is given to objective facts rather than the taxpayer's statements of intent. Sec. 1.183-2(a), Income Tax Regs.; Dreicer v. Commissioner, supra at 645; Beck v. Commissioner, supra.Section 1.183-2(b), Income Tax Regs., provides a nonexclusive list of factors to consider in determining whether an activity is engaged in for profit.[4] No single factor is controlling. Sec. 1.183-2(b), Income Tax Regs.; Abramson v. Commissioner, 86 T.C. 360, 371 (1986). *609 After reviewing the evidence in its entirety, we find that petitioner has failed to prove that his writing activity was engaged in for profit within the meaning of section 183. Our holding is based on the following factors. First, petitioner has failed to offer any meaningful evidence regarding the profit potential of his manuscript. We found petitioner's self-serving testimony to be unpersuasive. Neither of petitioner's two witnesses provided any means to ascertain the potential profitability of petitioner's manuscript. Professor Welch simply offered testimony regarding a general royalty arrangement offered by one book publisher. Mr. Tvedtnes offered no testimony at all regarding the profit potential of petitioner's manuscript, and stated that he had no such discussions with petitioner. Second, petitioner originally addressed this topic in the late 1970's and later resumed this activity in 1980. Yet after approximately seven years he has yet to submit a final version to publishers, even though he alleges that some publishers have expressed an interest in his topic. Petitioner counters by arguing that he must finish his manuscript before submitting it for publication. However, *610 it has been over three years since petitioner stated that his manuscript only needed a little "fine tuning" before he would submit it for publication. In any event, petitioner has not established that it is likely that a publisher would accept his manuscript when, or if, it is finished. Other factors belie petitioner's "trade or business" contention. For example, during the period petitioner engaged in his writing activity he was also engaged in other time-consuming activities, which included attending law school and subsequently working as an associate at a law firm. Also, petitioner has never earned any income from this manuscript nor from any other writing activities, and has had no training or prior experience in either writing or publishing books. These facts alone do not preclude us from finding that petitioner's writing activity qualifies as a trade or business. See Snyder v. United States, 674 F.2d 1359 (10th Cir. 1982). However, they fail to support petitioner's cause. Finally, petitioner derived an element of pleasure and personal satisfaction from his laudable writing activity. Again, while this fact may not be fatal to proving a profit objective, *611 it does not further petitioner's position. As this Court has stated, "The gratification derived from an occupation worth doing, possibly beneficial to others and probably requiring long hours of arduous labor, must still not be confused with an intention to return a profit." White v. Commissioner, 23 T.C. 90, 94 (1954), affd. per curiam 227 F.2d 779 (6th Cir. 1955), cert. denied 351 U.S. 939 (1956). It is undisputed that the genesis of this activity was for personal purposes, and we are far from convinced that the activity metamorphosed into an activity for profit. As a result, the deductions associated with petitioner's writing activity, all of which hinge on the activity constituting a trade or business, are disallowed. Automobile Expenses
Petitioner deducted the following automobile expenses: 1983
Car and truck expenses
$   801.00
Depreciation
[5] 6,045.00
Insurance
380.00
1984
Depreciation
1,588.00
Petitioner's 1983 deduction of $ 801 for car and truck expenses is comprised of expenses petitioner *612 allegedly incurred while traveling between: (1) his home and his law office, (2) his home or law office and a law library, and (3) his home or law office and a library where he conducted research for his manuscript. Petitioner deducted expenses for traveling between his home and his law office on the theory that his writing activity was his principal occupation and that his home was his principal place of business for this occupation. Petitioner, therefore, claims that travel to and from his legal employment, or secondary business, is deductible. This argument borders on frivolity. Prior to May 1983, petitioner was a full-time law student. Subsequently, he became a full-time associate with a law firm. Whatever writing petitioner engaged in during this time was clearly secondary to his law-related endeavors. Furthermore, we have found that petitioner is not in the trade or business of being a writer, leaving his legal employment as his principal and sole occupation. Therefore, petitioner's expenses incurred for traveling between his home and law office constitute nondeductible commuting *613 expenses. Sec. 262; Commissioner v. Flowers, 326 U.S. 465 (1946). Second, petitioner has not produced sufficient evidence for us to determine what portion, if any, of his automobile expenses are allocable to his travel to and from the law library. Rule 142(a). He did not maintain a mileage log, nor did he produce any receipts for his expenses. Without some corroborating evidence, we do not accept the mileage estimate petitioner prepared. As a result, we have no basis to estimate petitioner's expenses, and thus disallow the deduction in full. See Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985). Third, because petitioner's writing activity is not a trade or business the automobile expenses he incurred relative to this activity are nondeductible personal expenses. Sec. 262. Petitioner's 1983 automobile insurance deduction and 1983 and 1984 automobile depreciation deductions were premised on petitioner being engaged in the trade or business of being a writer. Since we have found that petitioner was not so engaged, these deductions are not allowable. *614 Further, petitioner has failed to establish the extent to which he used his automobile in his legal employment. Thus, we are unable to allocate any of his deductions to this occupation. We sustain respondent's determination. Employee Business Expenses
Miscellaneous
On his 1983 tax return, petitioner deducted $ 1,173 as office expenses and utilities. Respondent allowed $ 662 of this amount as a Schedule A miscellaneous deduction, and petitioner conceded that he was not entitled to $ 15 of his claimed deduction. Of the $ 496 that remains in dispute, $ 106.68 represents expenses petitioner deducted for gym clothes and a gym bag that petitioner listed as "Misc. Items." Petitioner apparently felt that these items constituted ordinary and necessary business expenses because he occasionally entertained clients at a local athletic facility. Petitioner, however, also frequented the athletic facility alone, and admitted that his gym clothes and bag could be used for "nonbusiness" purposes. We find that these expenses were for personal purposes, and therefore are not deductible. *615 Sec. 262. The remainder of the amount in dispute is comprised of various home office items (lamp, dictionary, etc.) which pertain to petitioner's writing activity. We have found that this activity does not constitute a trade or business, thus precluding petitioner from deducting these expenses. Legal Education Program
Petitioner's law firm expected their attorneys to attend a seminar outside of Utah. In 1984, petitioner chose to travel to the Soviet Union for a two-week continuing legal education (CLE) program focusing on the Soviet legal system. The total cost of petitioner's trip, including meals, air fare, passport, and miscellaneous expenses was $ 2,018. Petitioner's law firm paid $ 1,445 of this amount, and petitioner deducted the remaining $ 573 as an employee business expense. Section 162 allows a deduction for ordinary and necessary expenses incurred while away from home in pursuit of a trade or business. When a taxpayer travels for both business and personal purposes, travel expenses to and from the destination are deductible only if the trip is related primarily *616 to the taxpayer's trade or business. Sec. 1.162-2(b)(1), Income Tax Regs. Whether a trip is primarily for business as opposed to personal purposes is a question of fact. Sec. 1.162-2(b)(2), Income Tax Regs. The taxpayer must prove that the trip was primarily related to his trade or business. Rule 142(a). The program scheduled approximately 14 hours of "professional activities," and petitioner received 14 hours of CLE credit from the program. Petitioner testified that while in the Soviet Union he spent 14 hours meeting with various legal authorities. He spent the remainder of his two-week stay "seeing the Soviet places of historic and cultural significance." It is evident that the majority of the time petitioner spent in the Soviet Union was of a personal rather than a business nature. Also, contrary to petitioner's assertions, there is no evidence that petitioner's law firm serviced or actively sought clients in the Soviet Union. We find that petitioner embarked on this program primarily for personal purposes. [6] Therefore, he cannot deduct the expenses he incurred in traveling to and from the Soviet Union. *617 Despite petitioner's inability to deduct his travel expenses, his trade or business expenses while at his destination may still be deductible. Sec. 1.162-2(b)(1), Income Tax Regs. Petitioner, however, provided no basis for allocating his foreign travel expenses between business and personal expenses as required by section 274(c). Here, petitioner's employer paid $ 1,445 of petitioner's $ 2,018 expenses, but petitioner is unable to establish which of his expenses, i.e., business or personal, are included in the amount paid by his employer. Absent any evidence to the contrary, we conclude that petitioner's employer paid for the trade or business expenses incurred by petitioner, while petitioner paid for his nondeductible personal expenses. Sec. 262. Respondent's determination is sustained. Paralegal Instructor
In addition to his other endeavors, in 1984 petitioner taught corporate law part-time at Westminster College's paralegal program, earning $ 800.40. Petitioner claimed two deductions in connection with his teaching: (1) $ 30 for typing expenses *618 (deducted under "legal/professional fees") incurred for having the final exam typed, and (2) $ 800 for depreciation of his home office. Respondent has conceded petitioner's deduction for typing expenses. Generally, no deductions are allowed with respect to the use of a dwelling unit which is used by the taxpayer as a residence. Sec. 280A. To be excepted from this general rule, the taxpayer must show that the home office was exclusively used on a regular basis for one of three purposes enumerated in section 280A(c)(1). Petitioner claims to have used the same portion of his residence for both his writing activity and his teaching duties. Since we have found that petitioner's writing activity does not constitute a trade or business, it follows that petitioner did not use this portion of his residence exclusively for his teaching trade. Petitioner, therefore, is not entitled to a home office deduction. Income Averaging
The final issue is whether petitioner is entitled to apply the income averaging provision to his 1984 taxable year income. *619 Section 1301 provides that an "eligible individual" meeting certain conditions may elect to compute his tax by income averaging. Subject to certain exceptions, an individual shall not be an eligible individual for the computation year if, for any base period year, such individual furnished less than one-half of his support. Sec. 1303(c)(1). The base period years are the three taxable years (1981, 1982, and 1983) immediately preceeding the computation year (1984). Sec. 1302(c). Petitioner bears the burden of proving his correct taxable income for the base period years, even if it was zero and not shown on any return. Unser v. Commissioner, 59 T.C. 528, 530 (1973). Petitioner contends that he furnished over one-half of his support for each of the base period years, thus satisfying the section 1303(c)(1) requirement. [7] The facts do not support petitioner's contention. Petitioner did not file a tax return for two of his base years, 1981 and 1982. During these two years petitioner attended law school *620 and lived in his father's home. Petitioner was listed as a dependent on his father's 1981 Federal tax return. For petitioner to qualify as a dependent, petitioner's father must have provided over one-half of petitioner's support. See sec. 152(a). On Schedule G (Income Averaging) appended to his 1984 income tax return, petitioner reported zero income for base year 1981. Petitioner, however, now claims that in 1981 and 1982 he worked as an employee on the construction of his father's house in exchange for food and lodging. Less than two weeks prior to trial, petitioner produced a computation which purported to establish that he earned "food and lodging" from his father that slightly exceeded one-half of his total support during 1981 and 1982. We find petitioner's testimony, including his computation, to be completely unreliable. There is no credible evidence suggesting that petitioner was ever employed by his father, nor is there any credible evidence supporting the figures petitioner used in his calculation. As a result, for at least one of the base years, 1981, petitioner has not *621 established that he provided greater than one-half of his support. Petitioner has failed to meet the requirement of section 1301(c)(1), and thus is not entitled to apply the income averaging provisions. Summary
In sum, we allow petitioner a deduction in excess of that allowed by respondent for: (1) moving expenses in 1983 in the amount of $ 200, and (2) legal/professional fees in 1984 in the amount of $ 30. Decisions will be entered under Rule 155. Footnotes
1. This case was assigned pursuant to the provisions of section 7456(d) (redesignated as section 7443A by the Tax Reform Act of 1986, Pub. L. 99-514, section 1556, 100 Stat. 2755) and Rule 180 et seq. All statutory references are to the Internal Revenue Code of 1954, as amended, and as in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise provided.↩
2. These figures reflect respondent's allowance of certain nonwriting expenses petitioner included under these headings. Also, petitioner has conceded portions of some of these deductions. Deductions pertaining to petitioner's automobile expenses are discussed in more detail at pages 10-12, infra↩.
3. Petitioner does not claim that any expenses are deductible under section 183(b)↩.
4. Relevant factors to consider are: (1) the manner in which the taxpayer carries on the activity; (2) the expertise of the taxpayer or his advisors; (3) the time and effort expended by the taxpayer in carrying on the activity; (4) the expectation that assets used in the activity may appreciate in value; (5) the success of the taxpayer in carrying on other similar or dissimilar activities; (6) the taxpayer's history of income or losses with respect to the activity; (7) the amount of occasional profits, if any, that are earned; (8) the financial status of the taxpayer; and (9) the elements of personal pleasure or recreation. Sec. 1.183-2(b), Income Tax Regs.↩
5. This amount includes a $ 5,000 deduction taken under section 179.↩
6. See Levine v. Commissioner, T.C. Memo. 1987-413↩.
7. Petitioner has not argued that he satisfies any of the exceptions contained in section 1303(c)(2)↩.