**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

COLLEEN J. O'CONNOR;
MARK C. TRACY,

      Petitioners - Appellants,

v.

COMMISSIONER OF INTERNAL
REVENUE,

      Respondent - Appellee.

No. 15-9006
(T.C. No. 014354-13)
(United States Tax Court)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **HOLMES**, and **McHUGH**, Circuit Judges.
_____

    Married taxpayers Colleen J. O'Connor and Mark C. Tracy, proceeding pro se,

appeal from the United States Tax Court's decision that they cannot deduct the costs

of Mr. Tracy's legal education as business expenses under 26 U.S.C. § 162 and

26 C.F.R. § 1.162-5 and are liable for accuracy-related penalties under 26 U.S.C.

§ 6662.  Exercising jurisdiction under 26 U.S.C. § 7482(a)(1), we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND

### I. Legal Background

Generally taxpayers may deduct "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business." 26 U.S.C. § 162(a). Treasury Regulation § 1.162-5 (26 C.F.R. § 1.162-5) addresses the deductibility of educational expenses. As relevant to this appeal, such expenses are deductible if the education "[m]aintains or improves skills required by the individual in his employment or other trade or business." 26 C.F.R. § 1.162-5(a)(1). But in certain circumstances, expenses are considered to be "personal expenditures" that are not deductible even if they maintain or improve skills. *Id.* § 1.162-5(b)(1). Specifically, expenses are non-deductible if they are "for education which is required . . . in order to meet the minimum educational requirements for qualification in [the individual's] employment or other trade or business" or "for education which is part of a program of study . . . which will lead to qualifying . . . in a new trade or business." *Id.* § 1.162-5(b)(2), (3).

### II. Factual and Procedural Background

Mr. Tracy is a United States citizen who studied law in the Federal Republic of Germany. He completed the minimum requirements to become a member of the legal profession in Germany in June 2007. He is licensed to practice law in Germany as a "Rechtsanwalt" (attorney at law), civil servant, or "Einheitsjurist" (judge).

Mr. Tracy completed the last of the requirements for his German law license while living in Salt Lake City, Utah. Starting in 2007, he assumed the project

2

management of a residential building project in Salt Lake City. Then, in 2009, while still residing in Utah, he began studying law at the University of San Diego Law School. During 2010 and 2011, he was not an employee of any company, and appellants' tax returns did not include Schedules C for any business he operated in those years. He was awarded his Juris Doctorate (J.D.) degree in 2012, and he sat for and passed the New York State bar examination in 2014. Sometime during this period, he also was involved in investigating a qui tam legal action. He filed a qui tam complaint in September 2014.

In their tax returns for 2010 and 2011, appellants deducted the expenses of Mr. Tracy's J.D. studies. The Internal Revenue Service (IRS) issued a notice of deficiency disallowing the expenses under § 1.162-5 because appellants had not established that the expenses were incurred to maintain or improve skills required in Mr. Tracy's employment; he had been absent for work for more than a year; and the expenses were incurred while he was not employed or actively engaged in a trade or business. The IRS also assessed accuracy-related penalties under § 6662.

Appellants petitioned the Tax Court. The parties filed a stipulation of facts and simultaneous briefs. The Commissioner argued that Mr. Tracy was not employed or engaged in a trade or business while attending law school, and alternatively, that the expenses were incurred to meet the minimum educational requirements to qualify for a new trade or business. The Commissioner also defended the accuracy-related penalties. Appellants asserted that because Mr. Tracy had fulfilled the requirements to practice law in Germany, he already had met the minimum requirements of the

3

trade of a legal professional; in light of his German qualifications, he could have been licensed in New York even without the J.D. degree; and Mr. Tracy was active in "any" trade or business, as § 162 requires, in that he was engaged in project management and in preparing the qui tam action. They disputed the accuracy-related penalties on the ground that the deductions were proper.

The Tax Court sustained the disallowance of the deductions and the assessment of the penalties. It determined that (1) notwithstanding his German law license, Mr. Tracy was not established in the legal profession in the United States and therefore his law school expenses were incurred in connection with entering into a new trade or business, and (2) even if Mr. Tracy were involved in project management and investigating a qui tam legal action in 2010 and 2011, appellants had not shown any connection between those activities and his United States legal education. The Tax Court also upheld the assessment of the accuracy-related penalties.

Appellants now appeal from the Tax Court's decision.[1]

## DISCUSSION

"Congress directed the United States Courts of Appeals to review tax court decisions 'in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury.'" *Love Box Co. v. Comm'r*, 842 F.2d

---

[1] Appellants' opening brief references facts outside the stipulated facts in the Tax Court and attaches documents that were not submitted to the Tax Court. We do not consider these new materials. "F.R.A.P. Rule 10(e), 28 U.S.C.A., allows a party to supplement the record on appeal. However, it does not grant a license to build a new record." *Anthony v. United States*, 667 F.2d 870, 875 (10th Cir. 1981).

1213, 1215 (10th Cir. 1988) (quoting 26 U.S.C. § 7482(a)(1)).  Accordingly, we review factual questions for clear error and legal questions de novo.  *Id.*  Recognizing that the deductibility of educational expenses is a mixed question of fact and law in which factual issues predominate, we have reviewed that determination for clear error.  *See id.* at 1215-16; *see also Glasgow v. Comm'r*, 486 F.2d 1045, 1046 (10th Cir. 1973) (per curiam) (holding that whether educational expenses were deductible "was essentially a question of fact").

## I.     Theories Not Listed in the Notice of Deficiency

Appellants first argue that the Tax Court improperly relied on theories the IRS did not include in the notice of deficiency.  It does appear that the "new trade or business" theory was not explicitly raised in the notice of deficiency.  Appellants, however, cite no authority limiting the Tax Court to considering only those reasons stated in the notice of deficiency.  To the contrary, "it is always open to [the Tax] Court to apply the correct law to the facts before it."  *Dirico v. Comm'r*, 139 T.C. 396, 416 (2012).  Courts have allowed the Commissioner to raise new theories when the parties were already well into Tax Court proceedings.  *See Ware v. Comm'r*, 906 F.2d 62, 66 (2d Cir. 1990) (declining "to adopt an ironclad rule that any legal theory surfacing in post-trial briefs may not be considered by the Tax Court"); *Stewart v. Comm'r*, 714 F.2d 977, 986 (9th Cir. 1983) (stating that it is preferable for the Commissioner to inform a taxpayer of legal theories in the notice of deficiency and the Tax Court answer, but the failure to do so does not necessarily result in forfeiture); *Comm'r v. Transp. Mfg. & Equip. Co.*, 478 F.2d 731, 736 (8th Cir. 1973)

(same as *Stewart*); *see also Moore v. Comm'r*, 106 T.C.M. (CCH) 483, at *5 (2013) (citing *Stewart*); *Dirico*, 139 T.C. at 415-16 (considering argument first raised in the briefs).

In addition, when the Commissioner raises a new theory, courts have required taxpayers to demonstrate surprise and disadvantage. *See Ware*, 906 F.2d at 66; *Stewart*, 714 F.2d at 986; *Transp. Mfg. & Equip. Co.*, 478 F.2d at 736. Appellants have failed to argue how they were surprised and disadvantaged. As the Commissioner points out, appellants themselves recognized a potential issue with the "new trade or business" provision of § 1.162-5(b)(3) well before the deficiency notice or the Tax Court case, as they addressed it in their amended 2010 tax return. *See* R., Vol. 2, Exh. 3-J at 2 (stating that Mr. Tracy's legal studies did not qualify him for a new profession, but instead just improved his skills in his current profession). Also, they were able to argue the issue in their response brief before the Tax Court.

## II.    Entering a New Trade or Business

The Tax Court stated that "[t]he parties stipulated only that Mr. Tracy has met the minimum requirements of the legal profession in Germany. That fact does not automatically qualify him to be a legal professional in the United States." R., Vol. 1, Doc. 22 at 8. Accordingly, it concluded that the expenses for Mr. Tracy's J.D. degree were incurred in connection with entering a new trade or business. Before this court, appellants argue that the Tax Court too narrowly defined the term "legal professional," and point out that Mr. Tracy was "active in both creating a new

6

business model based upon his acquired knowledge of the [German Civil Code] and German construction standards as well as *qui tam* litigation." Aplt. Br. at 8.

Appellants' business-model argument is based largely on facts that were not before the Tax Court. But in any event, the Tax Court did not err in noting that Mr. Tracy was not admitted to the practice of law outside of Germany. For purposes of deductibility, courts have held that a person who is admitted to practice law in one jurisdiction, but then incurs expenses to become qualified to practice in another jurisdiction, is considered to be entering a new trade or business. *See Vetrick v. Comm'r*, 628 F.2d 885, 886-87 (5th Cir. 1980); *Sharon v. Comm'r*, 591 F.2d 1273, 1275 (9th Cir. 1978) (per curiam); *see also Levine v. Comm'r*, 54 T.C.M. (CCH) 209 (1987); *Walker v. Comm'r*, 54 T.C.M. (CCH) 169 (1987); *Horodysky v. Comm'r*, 54 T.C. 490, 492-93 (1970). Thus, the Tax Court did not clearly err in finding that Mr. Tracy's J.D. qualified him to enter a new trade or business (the practice of law in a United States jurisdiction) and that the IRS properly disallowed the deductions under § 1.162-5(b)(3).

## III.    Involvement in Other Trade or Business

The Tax Court further concluded that appellants had not adequately connected Mr. Tracy's United States legal studies to his involvement with property management or the qui tam litigation. Appellants challenge this decision in two ways.

First, appellants assert that the Tax Court improperly required them to show a nexus between the educational expenses and Mr. Tracy's business activities. Appellants' argument makes little sense. "The *primary requirement* for deductibility

7

under section 162 is that the particular expense be an ordinary and necessary expense which bears a *proximate and direct relationship* to the taxpayer's trade or business." *Love Box Co.*, 842 F.2d at 1216 (emphasis added) (internal quotation marks omitted).

Second, appellants argue that the Tax Court improperly imposed an "additional temporal requirement" under § 162 when it noted the record was unclear when Mr. Tracy participated in those activities. Aplt. Br. at 10. But the Tax Court then assumed that he was engaged in the activities during the relevant tax years. Any temporal-related question or issue therefore was decided in appellants' favor.

## IV. Accuracy-Related Penalties

A taxpayer whose underpayment of tax is attributable to "[n]egligence or disregard of rules or regulations" is liable for a 20% penalty. 26 U.S.C. § 6662(a), (b)(1). "The 'negligence' contemplated by the statute is any failure to make a reasonable attempt to comply with the provisions of the tax law." *Barrett v. United States*, 561 F.3d 1140, 1147 (10th Cir. 2009) (internal quotation marks omitted). "The term 'disregard' includes any careless, reckless, or intentional disregard of rules or regulations." *Id.* (internal quotation marks omitted). It is the Commissioner's burden to produce sufficient evidence to support an accuracy-related penalty. *Id.*

The Tax Court upheld the assessment because "[t]his area of law is well settled, and [the Commissioner's] position is based on a 45-year-old case with facts very similar to those that are before us." R., Vol. 1, Doc. 22 at 11 (referring to *Horodysky v. Comm'r*, 54 T.C. 490, 492-93 (1970)). *Horodysky* involved a taxpayer who moved to Ohio after earning a Polish law degree, practicing law in Poland, and

8

earning a German law degree. 54 T.C. at 491. Nevertheless he was denied admission to the Ohio bar and was required to complete a law school curriculum in the United States. *Id.* He earned the law degree, was admitted to the Ohio bar, and practiced as an attorney. *Id.* He sought to deduct his law school expenses, incurred in the years before his admission to the Ohio bar, asserting that they "were incurred to fulfill the conditions for the retention of his status as a lawyer, attained originally in Europe." *Id.* The Tax Court disallowed the deduction, explaining that, at the time the taxpayer incurred the expenses, in Ohio he had no status as a lawyer to maintain. *Id.* at 492. "In essence, petitioner has commendably invested much of his time to meet the minimum requirements for qualification in a new trade or business in this country, and the expenses thereof, being of a personal nature, cannot properly be deducted from his taxable income for any of the years in question." *Id.* at 493.

Appellants argue that the Tax Court erred in relying on *Horodysky* and attempt to distinguish *Horodysky* on its facts. We are not persuaded. As the Tax Court concluded, *Horodysky* is sufficiently similar to the instant case to support the conclusion that Mr. Tracy's law school expenses are not deductible under § 1.162-5(b)(3). Appellants' failure to heed relevant precedent regarding § 1.162-5(b)(3), including *Horodysky*, without any indication that such precedent has been superseded or overruled, supports the imposition of accuracy-related penalties.

## CONCLUSION

The Tax Court's judgment is affirmed.

Entered for the Court


Carolyn B. McHugh
Circuit Judge