YAROSLAW HORODYSKY AND STEPHANIE HORODYSKY, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 902–68.    Filed March 16, 1970.

Yaroslaw Horodysky, pro se.
*J. Edward Friedland*, for the respondent.

492

OPINION

Insofar as it is pertinent to the issue before us, section 1.162–5(a) of the Income Tax Regulations, prior to its amendment on May 1, 1967,[2] provided the following:

Sec. 1.162–5 Expenses for eduction.

(a) Expenditures made by a taxpayer for his education are deductible if they are for education (including research activities) undertaken primarily for the purpose of:

\* \* \* \* \* \* \*

(2) Meeting the express requirements of a taxpayer's employer, or the requirements of applicable law or regulations, imposed as a condition to the retention by the taxpayer of his salary, status or employment.
\* \* \* Expenditures for education of the type described in subparagraph (2) of this paragraph are deductible under subparagraph (2) only to the extent that they are for the minimum education required by the taxpayer's employer, or by applicable law or regulations, as a condition to the retention of the taxpayer's salary, status, or employment. \* \* \*

Petitioner contends that he fits squarely within the above-quoted regulation in that the law school expenses here in issue were incurred to meet the requirements of applicable law or regulations which were imposed as a condition to his retention of the status he had attained in Europe as a lawyer. We disagree.

We think that the part of the regulation on which petitioner relies requires the interpretation that the "status" referred to had to exist at the time the educational expense in question was incurred. In Ohio in 1965 and 1966, petitioner did not have any status as a lawyer to retain;[3] the completion of a formal law school curriculum and passing Ohio's bar examination amounted to his initial acquisition of this status within that State. See Rev. Rul. 60–97, exs. 6 and 8, 1960–1 C.B. 77. The fact that petitioner has since regained a status which he once enjoyed in another country many years before, yet abandoned by leaving that country, could not, in any proper sense, call for the application of this regulation upon which he relies.

---

[2] Although he could have relied on the May 1, 1967, amended regulations, T.D. 6918, 1967–1 C.B. 36, relating to educational expenses, petitioner elected at trial to have the regulations in force during the years in question applied to his case. The disposition of this case would not, however, have differed had he relied on the amended regulations.

[3] See *Ansis Mitrevics*, T.C. Memo. 1963–67, where the Court held, in a situation closely analogous to ours, that the taxpayer, who had attained the status of doctor of dental surgery in Europe, did not have any "status" to retain within the meaning of sec. 1.162–5 (a) (2), when she incurred the expenses of attending dental school in this country.

In essence, petitioner has commendably invested much of his time to meet the minimum requirements for qualification in a new trade or business in this country, and the expenses thereof, being of a personal nature, cannot properly be deducted from his taxable income for any of the years in question. Sec. 262; sec. 1.162–5(b) (as unamended prior to May 1, 1967), Income Tax Regs.; *N. Kent Baker*, 51 T.C. 243 (1968); *Nathaniel A. Denman*, 48 T.C. 439, 445–446 (1967). (See also *Arthur E. Ryman, Jr.*, 51 T.C. 799 (1969), holding that bar admission fees are capital expenditures.)

The main case cited by petitioner as authority for his position, *Hill* v. *Commissioner*, 181 F. 2d 906 (C.A. 4, 1950), reversing 13 T.C. 291 (1949), is clearly distinguishable on its facts from the instant case. Involving an already established Virginia schoolteacher who complied with the law of that State requiring attendance at summer school as a prerequisite for the renewal of her teaching certificate, the *Hill* case only serves to present an excellent example of a factual situation which fits within the regulation upon which petitioner relies; it is obvious that the facts of *Hill* are clearly inapposite to the facts of the case before us.

*Decision will be entered for the respondent.*