Milo D. SIEWERT and Margaret A. Siewert, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 5–79–47.

United States District Court, N. D. Texas, Lubbock Division.

July 24, 1980.

Lewis P. Terrell, Lubbock, Tex., for plaintiffs.

Kenneth J. Mighell, U. S. Atty., Martha Joe Stroud, Asst. U. S. Atty., Dallas, Tex., William W. Guild, Tax Division, U. S. Dept. of Justice, Louise Parks Hytken, Atty., Dallas, Tex., for defendant.

## MEMORANDUM OPINION

WOODWARD, Chief Judge.

The above case came on before the court for trial without a jury on the 24th day of July, 1980 with all parties and attorneys in attendance. After hearing and considering the evidence, the briefs and arguments of the counsel, the court is of the opinion that judgment should be entered for the defendant. This memorandum opinion shall constitute the court's findings of fact and conclusions of law, and further incorporated as a part of such findings of fact and conclusions of law, and hereby adopted by the court, are as set forth and attached in Exhibit A. Further, the stipulations of the parties contained in the pre–trial order shall be part of the court's findings of fact.

Plaintiffs, husband and wife, filed joint tax returns for the years 1973 and 1974 and deducted as expenses for carrying on a trade or business the tuition and related expenses incurred by Dr. Milo D. Siewert while attending a medical school in Guadalajara, Mexico.

The undisputed facts are that Dr. Siewert was licensed as a chiropractor and practiced that profession in Amarillo, Texas from 1956 until 1972. From 1972 through 1976 he attended the Autonomous University of Guadalajara Medical School in Guadalajara, Mexico where he pursued and obtained a degree of Doctor of Medicine. During the years 1972 and 1973, Dr. Siewert leased his clinical equipment and sold his entire clinic, buildings, land, and equipment in 1973 except for one chiropractic manipulation table. Upon receiving his degree in medicine, he returned to his practice as a chiropractor but he did not actually practice this profession from 1972 through 1976 but instead was a student engaged in the pursuit of a degree of Doctor of Medicine.

The studies pursued by Dr. Siewert in Mexico from 1972 through 1976 qualified him to enter a new trade or business. The court agrees that the practice of medicine is a separate and distinct trade and business from the practice as a chiropractor. The statutes governing the licensing of these two professions are separate in the State of Texas. Therefore, under the regulations, such expenses which qualify a person to enter a new trade or business are not deductible. Dr. Siewert has contended that it was his intent to use his training as a medical doctor in the furtherance of his profession as a chiropractor. However, the subjective matter of intent is no longer the criterion under the regulations and is irrelevant on this point.

Further, these expenses are not deductible because Dr. Siewert was not engaged in the trade, business, or profession as a chiropractor at the time they were incurred, but rather he was a full–time student at the medical school. For such expenses to be deducted as a business expense of a trade or profession, they must have been incurred while one is engaged in such trade or profession, and it is uncontroverted that Dr. Siewert was not in the practice as a chiropractor during the years in question.

The plaintiffs' reliance on *Furner v. C. I. R.*, 393 F.2d 292 (2d Cir. 1968), is misplaced. There the school teacher was allowed such deductions because the evidence showed that it was not unusual for teachers to do such graduate study. The evidence is insufficient in this case for this court to find that there was any custom or practice for chiropractors to suspend their practice of chiropractic for a period of four years and to

enroll in and study for a degree in medicine, which is a separate trade or profession from that of a chiropractor.

## EXHIBIT A

EXHIBIT A TO THE MEMORANDUM OPINION OF THE COURT DATED JULY 24, 1980 IN CIVIL ACTION NO. CA–5–79–47, *MILO D. SIEWERT, et ux. v. UNITED STATES OF AMERI-CA*, AND THE FOLLOWING FIND-INGS OF FACT AND CONCLUSIONS OF LAW ARE HERE ADOPTED AS THE COURT'S FINDINGS OF FACT AND CONCLUSIONS OF LAW:

### Findings of Fact

1. This is an action brought by the plaintiffs seeking a tax refund in the amount of $2,402.30 paid as income taxes for the years 1973 and 1974, plus interest and costs.

2. The controversy here concerns the deductibility of certain expenses incurred by the plaintiff, Dr. Milo D. Siewert, in the pursuit of a degree as a Doctor of Medicine. Plaintiff incurred these expenses while attending the Medical School at the Autonomous University of Guadalajara in Guadalajara, Mexico, during the years 1972 through 1976. Plaintiff graduated from the University of Guadalajara with an M.D. and returned to Texas in 1976. Prior to attending medical school, Dr. Siewert was engaged in the practice of chiropractic in Amarillo, Texas, during the years 1956 until 1972.

3. During the years that Milo Siewert attended medical school, he leased the equipment that he had formerly used in his chiropractic clinic and, finally, in 1974, while he was still a student in medical school, he sold the equipment in his chiropractic practice for $107,000.

4. For the periods of time that Milo Siewert was attending medical school in Guadalajara, he claimed on his 1973 and 1974 federal income tax returns deductions in the amounts of $6,565 and $5,616, respectively, claiming such amounts as deductions for educational expenses. During these same years, Milo Siewert did not engage in the trade or business of chiropractic, but, instead, was a full–time student. Although plaintiff claims he engaged in the practice of chiropractic during breaks in his schooling, he states that he received no remuneration or fees for his services. After completion of his education, he returned to Amarillo and has since applied for licensure as a medical doctor in the State of Texas.

5. Upon audit, the Internal Revenue Service determined that Plaintiff Milo Siewert was not entitled to claim educational expenses for his medical school education. Accordingly, these deductions were disallowed and, as a result, the plaintiffs were assessed a tax deficiency for the amounts of $893.98 and $1,508.32 for the years 1973 and 1974, respectively. This assessment was properly made on February 15, 1977. The plaintiffs paid the full amounts of the deficiencies on February 24, 1977, and subsequently filed timely claims for refund for the years 1973 and 1974. These claims were disallowed by the Internal Revenue Service by letter dated March 9, 1979. Subsequently, the plaintiffs timely filed this suit for refund of taxes.

6. Any conclusion of law which may more properly be deemed a finding of fact is hereby so found.

### Conclusions of Law

1. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1346(a).

2. The plaintiffs are not entitled to an educational expense deduction for the cost of the medical school education for the reason that the expenses of Milo Siewert's medical school education qualified him to engage in a new trade or business.

3. Educational expenses may be deductible as ordinary and necessary business expenses under Section 162 of the Internal Revenue Code of 1954 (26 U.S.C.) if they meet the specific criteria set forth in Treasury Regulations on Income Tax (1954 Code) § 1.162–5 (26 C.F.R.), as amended in 1967. This Regulation provides that as a general rule educational expenditures will

be deductible as necessary and ordinary business expenses if the education (§ 1.162–5(a))–

(1) Maintains or improves skills required by the individual in his employment or other trade or business, or

(2) Meets the express requirements of the individual's employer, or the requirements of applicable law or regulations, imposed as a condition to the retention by the individual of an established employment relationship, status, or rate of compensation.

\* \* \* \* \* \*

The Regulation, however, qualifies the general rule such that expenditures that may satisfy either one of the two above–mentioned criteria will be *nondeductible* if they are (§ 1.162–5(a)(2)(i)(1))–

(1) \* \* \* expenditures made by an individual for education which is required of him in order to meet the minimum educational requirements for qualification in his employment or other trade or business. \* \* \*

\* \* \* \* \* \*

or if they are (§ 1.162–5(a)(3)(i)(1))–

\* \* \* \* \* \*

(1) \* \* \* *expenditures made by an individual for education which is part of a program of study being pursued by him which will lead to qualifying him in a new trade or business.* \* \* \* [Emphasis supplied.]

\* \* \* \* \* \*

4. Successful completion of Plaintiff Milo Siewert's medical school education qualified him for a new trade or business–that of being a medical doctor. The practice of chiropractic is vastly different from the practice of medicine. Under the Texas statutes, the practice of chiropractic is regulated by Article 4512b, whereas the practice of medicine is governed by Articles 4495 through 4512.

5. Under Texas law, there is a wide disparity between the responsibilities and duties of a chiropractor and a medical doctor. Under the statute, a person is defined as engaging in the practice of chiropractic

if he meets the following description (Art. 4512b):

Any person shall be regarded as practicing chiropractic within the meaning of this Act who shall employ objective or subjective means without the use of drugs, surgery, X–ray therapy or radium therapy, for the purpose of ascertaining the alignment of the vertebrae of the human spine, and the practice of adjusting the vertebrae to correct any subluxation or misalignment thereof, and charge therefor, directly or indirectly, money or other compensation; or who hold themselves out to the public as a chiropractor or shall use either the term "chiropractor," "chiropractic," "doctor of chiropractic," or any derivative of any of the above in connection with his name.

Under the Act applicable to persons practicing medicine, a person engaged in the practice of medicine is defined under Tex.Rev.Civ.Code Ann., Art. 4510, as follows:

Any person shall be regarded as practicing medicine within the meaning of this law:

(1) Who shall publicly profess to be a physician or surgeon and shall diagnose, treat, or offer to treat, any disease or disorder, mental or physical, or any physical deformity or injury, by any system or method, or to effect cures thereof; (2) or who shall diagnose, treat or offer to treat any disease or disorder, mental or physical or any physical deformity or injury by any system or method and to effect cures thereof and charge therefor, directly or indirectly, money or other compensation; \* \* \*

6. The requirements for licensure are different. In order to qualify for a license to practice chiropractic, an individual must have, among other things, graduated from a "bona fide reputable chiropractic school." Tex.Rev.Civ.Code Ann., Art. 4512b, § 10. In order to practice medicine in Texas, an individual must have graduated from an approved medical school or college. Tex. Rev.Civ.Code Ann., Art. 4501.

7. A comparison of the above–mentioned Texas statutes reveals that (1) chiropractors and medical doctors are regulated by different statutes; (2) chiropractors and medical doctors are licensed by different examination boards; and (3) the requirements for taking the chiropractic and medical examinations differ. Additionally, the statutes provide that the provisions of Chapter Six (Medicine) do not apply to duly licensed chiropractors who confine their practice strictly to chiropractic. Tex.Rev. Civ.Code Ann., Art. 4504.

8. The question of whether the education qualifies one for a new trade or business is measured by objective standards; a taxpayer's motive and intent in pursuing the education is irrelevant. *Melnik v. United States*, 521 F.2d 1065 (C.A. 9, 1975), aff'g 73–2 U.S.T.C., par. 9521 (C.D.Calif., 1973); *Burnstein v. Commissioner*, 66 T.C. 492 (1976). The fact that the taxpayer did not intend to qualify for a new trade or business does not render the expenses deductible so long as such expenditures would lead to qualifying the taxpayer for a new trade or business. *O'Donnell v. Commissioner*, 62 T.C. 781 (1974), aff'd *per curiam*, 519 F.2d 1406 (C.A. 7, 1975).

9. The decisions interpreting the Regulation in question here have placed great importance on the rights and privileges obtained by someone who is licensed in a certain profession. The instant case is comparable to numerous other cases in which the courts held educational expenses which are related to qualification for licensure in a new profession are nondeductible. *Mitrevics v. Commissioner*, P–H Memo T.C., par. 63,066 (1963) (dental school expenses of foreign dentist not deductible where the education was undertaken to qualify the taxpayer for the practice of dentistry in the United States.) *Horodysky v. Commissioner*, 54 T.C. 490 (1970) (foreign lawyer's expense in completing a formal law school curriculum and passing the Ohio Bar Examination amounted in the initial acquisition of the status of a lawyer in that state; thus, the expenses were of a personal nature and not deductible.) See also, Rev.Rul. 75–412, 1975–2 Cum.Bull. 62 (holding that expenses incurred in taking a special law school course to enable a holder of a foreign law degree to qualify for a state's bar examination were not deductible business expenses.) *Sharon v. Commissioner*, 66 T.C. 515 (1976), aff'd *per curiam*, 591 F.2d 1273 (C.A. 9, 1978) (expenses incurred for a bar review course to gain admission to the bar of a second state constituted nondeductible personal educational expenditures.) *Carter v. Commissioner*, T.C. 1979–422 (Oct. 10, 1979) (deduction denied for law school courses taken by County Judge where expenditures qualified him for a new trade or business.)

10. The educational expenditures in question are nondeductible for the additional reason that plaintiff, Milo Siewert, was not engaged in a trade or business at the time these expenses were incurred.

11. Section 162 of the Internal Revenue Code allows as a business deduction, "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business." The evidence here established that the plaintiff was not engaged in any trade or business during the period of time that he attended medical school. In 1972, when he commenced his foreign medical school education, he leased the equipment at his chiropractic clinic to a third party, and, in 1973, he sold all of this equipment. He did not receive any remuneration or other income from the practice of chiropractic during the four years in which he was enrolled in medical school in Guadalajara.

12. The facts in this case are similar to those in *Canter v. United States*, 354 F.2d 352 (Ct.Cl., 1965), where the court denied a deduction for educational expenses incurred by a taxpayer as a full–time student of nursing where she resigned her position with the public health service. In holding that the taxpayer in that particular case was not carrying on a trade or business during the year when the expenses were incurred, the court rejected her arguments that she intended to return to the public health service or that she was engaged in

the practice of her profession where the nursing that she performed was a part of her academic program and did not result in income to her. The fact that the taxpayer in *Canter* ultimately returned to federal employment and the Government benefited from her educational training did not allow a basis for recovery by the taxpayer.

13. The Court's decision in this case is also supported by the opinion in *Corbett v. Commissioner*, 55 T.C. 884 (1971), which held expenditures incurred by a school teacher in connection with graduate studies were nondeductible where she was away from active teaching for a period of at least four years.

14. The Internal Revenue Service has ruled that a taxpayer must be carrying on a trade or business at the time that he or she undertakes the education for which a deduction is claimed. Rev.Rul. 77–32, 1977–1 Cum.Bull. 38. Rev.Rul. 68–591, 1968–2 Cum.Bull. 73, provides that a suspension by the taxpayer of business activities for a period of a year or less will generally be considered temporary.

15. In the instant case, the long duration of the plaintiff's absence from his chiropractic practice and his pursuit of an education leading to licensure in a different profession prove that he was not engaged in a trade or business at the time the expenses were incurred.

16. This Court finds that the plaintiffs are not entitled to a refund of any taxes paid for the years 1973 and 1974 and that plaintiffs' complaint should be dismissed with prejudice.

17. Any finding of fact which may more properly be deemed a conclusion of law is hereby so found.