HOWARD RICHARD PEDOLSKY and SHEILA FOOTER PEDOLSKY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Pedolsky v. Commissioner
Docket No. 723-81.
United States Tax Court
T.C. Memo 1982-157; 1982 Tax Ct. Memo LEXIS 587; 43 T.C.M. (CCH) 914; T.C.M. (RIA) 82157; March 29, 1982. Howard Richard Pedolsky and Sheila Footer Pedolsky, pro se. David C. Fegan, for the respondent. SCOTT MEMORANDUM FINDINGS OF FACT AND OPINION SCOTT, Judge: Respondent determined a deficiency in petitioners' income tax for the calendar year 1978 in the amount of $ 1,267. The issue for decision is whether petitioners are entitled to deduct $ 3,677 expended by Sheila Footer Pedolsky in attending law school at Georgetown University Law Center during 1978. FINDINGS OF FACT Most of the facts have been stipulated and are found accordingly. Petitioners, husband and wife, who resided in Silver Spring, Maryland, at the time of the filing of their petition in this case, filed a joint Federal income tax return for the calendar year 1978. Sheila Footer Pedolsky (petitioner) was employed during the year *588 1978 as a paralegal by a law firm in Bethesda, Maryland. Her primary duties were to prepare initial drafts of contracts, pleadings and responses. In June 1978 petitioner completed the paralegal program at Georgetown University and received a legal assistant's certificate. The law firm by which she was employed encouraged her to take additional courses that would improve and expand her legal skills. In the fall of 1978 petitioner enrolled in the regular program at Georgetown University Law Center (Georgetown) leading to a Juris Doctor (J.D.) degree. In the fall semester of 1978 petitioner took courses in civil procedure, contracts, legal research and writing, legislation, and property. The fall semester was 21 weeks long and petitioner was required to be present at the school 5 days a week in the program she was taking. Petitioner worked at the law firm during the day and attended law school at night. Her usual weekday pattern was to drive from her home to her office and, after her work concluded, to drive from her work to the law school and park in the vicinity of the law school. After her classes concluded, she would drive her automobile home. Petitioner's home is approximately *589 10 miles from the law office where she worked and the law office is approximately 10 miles from Georgetown. It is approximately 20 miles from Georgetown to petitioner's home. Generally, when petitioner arrived at Georgetown she would have to park in a lot which charged $ 1 as a parking fee. During the fall of 1978 petitioner paid $ 2,674 for tuition and books in connection with her law school courses. The courses petitioner took at Georgetown did maintain and improve the skills required in her employment as a paralegal. Petitioners, on their 1978 income tax return, deducted $ 3,677 as educational expenses composed of $ 2,674 for tuition and books and $ 1,003 for transportation and parking incurred in connection with petitioner's attendance at Georgetown. Respondent in his notice of deficiency disallowed the claimed deduction for educational expenses. Respondent recognized that the $ 2,674 was paid by petitioner as expenses of attending Georgetown, but disallowed the claimed deduction on the ground that the payment was not a deductible educational expense. Respondent disallowed the claimed transportation expense deduction on the grounds that it had not been fully verified *590 as being paid and that it was not a properly deductible educational expense. OPINION Section 162 [1] provides for the deduction of ordinary and necessary business expenses. Section 1.162-5(a), Income Tax Regs., provides for the deduction of expenses of education that maintain or improve the skills required in a taxpayer's trade or business or meet the express requirements of the taxpayer's employer, unless those expenses fall into one of the categories excluded from deduction by subsection (b) of section 1.162-5. [2] Respondent here recognizes that the course petitioner was pursuing at Georgetown improved her skills as a paralegal. It is, however, respondent's position that petitioner is not entitled to deduct the cost of her education because it is part of a program of study which will qualify her for a new trade or business as an attorney. *591 The agreed facts show that petitioner was enrolled at Georgetown in the regular full-time course leading to a J.D. degree. We have consistently held that even though the study of law may be of assistance to an individual in his present employment or occupation, the cost of attending law school is not deductible where the individual is enrolled in the regular program leading to a J.D. degree. Feistman v. Commissioner,63 T.C. 129 (1974); Taubman v. Commissioner,60 T.C. 814 (1973); Horodysky v. Commissioner,54 T.C. 490 (1970); Bodley v. Commissioner,56 T.C. 1357 (1971). [3]
Petitioner argues that her primary purpose in attending law school during 1978 was to improve her skills in her work as a paralegal. She relies on two 1963 Memorandum Opinions in which we *592 held certain educational expenses to be deductible because, even though the education would lead to a degree that might eventually qualify the taxpayer for a new trade or business, the education was undertaken primarily to improve the skills of the taxpayer in his present employment. While those cases are factually distinguishable from the instant case, it is unnecessary to discuss the factual distinctions since those cases were decided under regulations promulgated in 1958 which provided a subjective test of primary purpose for determining the deductibility of educational expenses.In 1967 the regulations applicable to the year here involved were promulgated. These regulations eliminated the subjective test and made expenses of education which is part of a program leading to qualifying a taxpayer in a new trade or business nondeductible, regardless of the primary purpose of the individual in undertaking the education. See the discussion in this respect in Bodley v. Commissioner,supra at 1359, n. 2. The regulations applicable to the year here involved specifically exclude from deductible educational expenses those paid for education which will lead to qualifying *593 a taxpayer for a new trade or business. These regulations have been held to be a valid exercise by the Commissioner of his rule-making power. See Bodley v. Commissioner,supra at 1361; Weiszmann v. Commissioner,52 T.C. 1106, 1111 (1969), affd. per curiam 443 F.2d 29 (9th Cir. 1971). Under these regulations it is immaterial whether the taxpayer intends to, or does, actually engage in the new trade or business so long as the education is part of a program qualifying the taxpayer for such new trade or business. Bodley v. Commissioner,supra;Weiszmann v. Commissioner,supra.We conclude that petitioner is not entitled to the claimed deduction for educational expenses. Since we have concluded that petitioner is not entitled to any deduction for educational expenses, we need not determine the amount of automobile expense petitioner incurred in connection with attending Georgetown. Decision will be entered for the respondent.
Footnotes
1. Unless otherwise stated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the year here in issue. ↩
2. Sec. 1.162-5, Income Tax Regs., provides in part as follows: Sec. 1.162-5. Expenses for education. (a) General rule. Expenditures made by an individual for education (including research undertaken as part of his educational program) which are not expenditures of a type described in paragraph (b)(2) or (3) of this section are deductible as ordinary and necessary business expenses (even though the education may lead to a degree) if the education-- (1) Maintains or improves skills required by the individual in his employment or other trade or business, or (2) Meets the express requirements of the individual's employer, or the requirements of applicable law or regulations, imposed as a condition to the retention by the individual of an established employment relationship, status, or rate of compensation. (b) Nondeductible educational expenditures--(1) In general. Educational expenditures described in subparagraphs (2) and (3) of this paragraph are personal expenditures, or constitute an inseparable aggregate of personal and capital expenditures and, therefore, are not deductible as ordinary and necessary business expenses even though the education may maintain or improve skills required by the individual in his employment or other trade or business or may meet the express requirements of the individual's employer or of applicable law or regulations. (2) Minimum educational requirements. (i) The first category of nondeductible educational expenses within the scope of subparagraph (1) of this paragraph are expenditures made by an individual for education which is required of him in order to meet the minimum education requirements for qualification in his employment or other trade or business. * * * (3) Qualification for new trade or business. (i) The second category of nondeductible educational expenses within the scope of subparagraph (1) of this paragraph are expenditures made by an individual for education which is part of a program of study being pursued by him which will lead to qualifying him in a new trade or business. In the case of an employee, a change of duties does not constitute a new trade or business if the new duties involve the same general type of work as is involved in the individual's present employment. For this purpose, all teaching and related duties shall be considered to involve the same general type of work. The following are examples of changes in duties which do not constitute new trades or businesses: Example (1). A, a self-employed individual practicing a profession other than law, for example, engineering, accounting, etc., attends law school at night and after completing his law school studies receives a bachelor of laws degree. The expenditures made by A in attending law school are nondeductible because this course of study qualifies him for a new trade or business. Example (2).↩ Assume the same facts as in example (1) except that A has the status of an employee rather than a self-employed individual, and that his employer requires him to obtain a bachelor of laws degree. A intends to continue practicing his nonlegal profession as an employee of such employer. Nevertheless, the expenditures made by A in attending law school are not deductible since this course of study qualifies him for a new trade or business.
3. In Stuart v. Commissioner,T.C. Memo. 1981-367↩, we held that a paralegal who was required by his employer to attend law school was not entitled to deduct the amount expended for that purpose since the law school education was part of a program of study which lead to qualifying him for the new trade or business of being a lawyer.