T.C. Memo. 2015-155

UNITED STATES TAX COURT

COLLEEN J. O'CONNOR AND MARK C. TRACY, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14354-13.                          Filed August 12, 2015.

Colleen J. O'Connor and Mark C. Tracy, pro sese.

<u>S. Mark Barnes</u>, for respondent.

MEMORANDUM OPINION

BUCH, <u>Judge</u>:  Respondent issued petitioners a notice of deficiency

determining the following deficiencies and penalties with respect to their Federal

income tax for years 2010 and 2011:[1]

---

[1]Unless otherwise indicated, all section references are to the Internal
(continued...)

[*2]

| Year | Deficiency | Penalty sec. 6662(a) |
|------|-----------|----------------------|
| 2010 | $3,295 | $659 |
| 2011 | 5,515 | 1,103 |

The issues before us are whether petitioners may deduct expenses associated with Mr. Tracy's legal education and whether they are liable for accuracy-related penalties under section 6662(a). We hold that they may not deduct the expenses and that they are liable for the penalties.

## Background

This case was submitted under Rule 122.

Mr. Tracy is a U.S. citizen. From April 1998 to July 2004 Mr. Tracy attended the University of Heidelberg, where he focused on German legal studies. To practice law in Germany, one must complete various requirements, including passing two state examinations. After completing the written section of the second state examination, Mr. Tracy moved to Salt Lake City, Utah, to complete the three-month elective station of his German legal training at a law firm. In June 2007 Mr. Tracy completed all of the necessary requirements and was licensed to

[1](...continued)
Revenue Code (Code) in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. All monetary amounts are rounded to the nearest dollar.

[*3] practice law in Germany. Also in 2007 Mr. Tracy assumed project management of a multimillion-dollar residential building project in Salt Lake City.

In 2009 while still living in Utah Mr. Tracy entered law school at the University of San Diego. Mr. Tracy traveled back and forth from Salt Lake City to San Diego, California, while completing his degree. Mr. Tracy was not employed and did not receive any Forms W-2, Wage and Tax Statement, during 2010 and 2011. Mr. Tracy received his juris doctor (J.D.) in 2012. In late February 2014 Mr. Tracy sat for the bar examination in New York. In April 2014 the New York State Board of Law Examiners notified Mr. Tracy that he had passed the bar examination and was eligible to apply for admission to the bar. Later in 2014, following several years of investigation, Mr. Tracy commenced a $40 million qui tam action filed under the False Claims Act, 31 U.S.C. sec. 3729 (2012), in the U.S. District Court for the District of Utah.

Petitioners timely filed their 2010 and 2011 Forms 1040, U.S. Individual Income Tax Return. In 2012 petitioners filed a Form 1040X, Amended U.S. Individual Income Tax Return, for 2010. Petitioners attached Forms 2106-EZ, Unreimbursed Employee Business Expenses, to the 2010 Form 1040X and the 2011 Form 1040 reporting travel, meals and entertainment, and other business expenses related to Mr. Tracy's legal education. The Internal Revenue Service

**[\*4]** (IRS) examined petitioners' 2010 Form 1040X and 2011 Form 1040.  On

March 25, 2013, the IRS issued a notice of deficiency disallowing deductions for

the expenses stemming from Mr. Tracy's legal education and determining

accuracy-related penalties under section 6662(a).[2]  Petitioners, while living in

Utah, timely petitioned.  Respondent disputes only the deductibility of the

expenses; their payment is not at issue.

## Discussion

### I.  Burden of Proof

The Commissioner's determinations in the notice of deficiency are generally

presumed correct, and taxpayers bear the burden of proving otherwise.[3]  The

burden with respect to a factual issue may shift to the Commissioner under section

7491(a) if the taxpayer introduces credible evidence regarding the issue, has

complied with the necessary substantiation requirements, has maintained all

records, and has cooperated with reasonable requests by the Commissioner for

witnesses, information, documents, meetings, and interviews.  Petitioners do not

---

[2]The parties stipulated, without further explanation, that the amended return is the basis for the adjustments for 2010.  Petitioners did not claim deductions for the expenses related to Mr. Tracy's legal education on the 2010 Form 1040.

[3]Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

**[*5]** claim that the burden has shifted to respondent, and likewise the record does not demonstrate that it is appropriate to shift the burden to respondent.

II. Ordinary and Necessary Expenses

Section 162 allows a taxpayer to deduct "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business". Educational expenses are considered ordinary and necessary business expenses if the education:

> (1) Maintains or improves skills required by the individual in his employment or other trade or business, or
>
> (2) Meets the express requirements of the individual's employer, or the requirements of applicable law or regulations, imposed as a condition to the retention by the individual of an established employment relationship, status, or rate of compensation.[4]

It is a question of fact whether the education maintains or improves skills required by the taxpayer in his trade or business.[5] The expense is deductible only if the taxpayer is established in the trade or business at the time he pays or incurs the expense.[6] The taxpayer must show that the educational expense is directly and

---

[4]Sec. 1.162-5(a), Income Tax Regs.

[5]Wassenaar v. Commissioner, 72 T.C. 1195, 1199 (1979).

[6]Jungreis v. Commissioner, 55 T.C. 581, 588 (1970).

**[\*6]** proximately related to the skills required in his trade or business.[7] However, a precise correlation is not necessary.[8] Additionally, when evaluating whether the educational expense qualified the taxpayer for a new trade or business and is therefore nondeductible, the Court uses a "commonsense approach" comparing "the types of tasks and activities which the taxpayer was qualified to perform before the acquisition of a particular title or degree, and those which he is qualified to perform afterwards."[9]

The parties have stipulated that Mr. Tracy was not employed during 2010 and 2011. Accordingly, petitioners may deduct Mr. Tracy's educational expenses only if they can show that the education maintained or improved skills required in his trade or business.

Respondent argues that the facts of this case are similar to those in Horodysky v. Commissioner, 54 T.C. 490 (1970). In that case Mr. Horodysky received his law degree and practiced law in Poland. However, after Poland came under Soviet rule, he moved to Germany and received a German degree of law.

---

[7]Kornhauser v. United States, 276 U.S. 145, 153 (1928); Boser v. Commissioner, 77 T.C. 1124, 1131 (1981), aff'd without published opinion (9th Cir. Dec. 22, 1983).

[8]Schwartz v. Commissioner, 69 T.C. 877, 889 (1978).

[9]Glenn v. Commissioner, 62 T.C. 270, 275 (1974).

**[*7]** Shortly after receiving that degree, he moved to Ohio. After living in Ohio for almost 15 years, Mr. Horodysky applied to the Supreme Court of Ohio for admission to the bar, but he was denied admission because he had not completed the formal education requirements. Mr. Horodysky enrolled as a night student in Cleveland Marshall Law School and attempted to deduct his educational expenses. The Court sustained the disallowance of the deduction, stating that the educational expenses were not required for Mr. Horodysky to maintain his skills or to retain his position because he was not yet an attorney admitted in Ohio at the time he incurred the expenses. "In essence, petitioner has commendably invested much of his time to meet the minimum requirements for qualification in a new trade or business in this country, and the expenses thereof, being of a personal nature, cannot properly be deducted from his taxable income for any of the years in question."[10]

Petitioners argue that their situation is different because the State of New York, where Mr. Tracy passed the bar examination in 2014, allows foreign-trained lawyers to sit for the bar examination without completing a legal education program in the United States. Therefore, they argue, Mr. Tracy was not entering into a new trade or business, and the parties have already stipulated that Mr. Tracy

_____

[10]Horodysky v. Commissioner, 54 T.C. 490, 493 (1970).

**[*8]** has met the minimum requirements of the legal profession. Although we agree that petitioners' argument is generally true, it does not tell the entire story.

The parties stipulated only that Mr. Tracy has met the minimum requirements of the legal profession in Germany. That fact does not automatically qualify him to be a legal professional in the United States. In New York, foreign-trained applicants may sit for the bar examination only if certain requirements are fulfilled.[11] Because Mr. Tracy did not receive an LL.M. from an American Bar Association approved law school, he would be required to prove that his legal studies program "was substantially equivalent in duration to the legal education provided by an American Bar Association approved law school in the United States, and in substantial compliance with the instructional and academic calendar requirements" provided by the State of New York.[12] Additionally, Mr. Tracy would have to show that the law of Germany is based on principles of English common law and his legal studies program was "the substantial equivalent of the legal education provided by an American Bar Association approved law school in

---

[11]N.Y. R. 520.6.

[12]See N.Y. R. 520.6(b)(1)(i)(a).

**[\*9]** the United States."[13] Petitioners have not provided any evidence to show that these requirements have been met and that Mr. Tracy was entitled to sit for the New York bar examination before he completed his J.D. Thus, in line with our precedent, Mr. Tracy had not established himself in the legal profession in the United States, and his educational expenses were incurred in association with entering into a new trade or business.

Petitioners also argue that the educational expenses are deductible under section 162 as long as Mr. Tracy was active in "any trade or business". During 2010 and 2011 Mr. Tracy was a law student. He may also have been involved with managing a residential building project, and he may have been involved in a qui tam legal action, but the record is unclear regarding when Mr. Tracy undertook these activities. Even assuming that Mr. Tracy was involved in these activities during 2010 and 2011, petitioners have not shown any connection between these activities and Mr. Tracy's legal education.

Accordingly, we sustain respondent's disallowance of deductions for expenses related to Mr. Tracy's legal education.

---

[13]See N.Y. R. 520.6(b)(1)(i)(b).

**[*10]** III. Section 6662(a) Accuracy-Related Penalties

Section 6662(a) and (b)(1) imposes a 20% accuracy-related penalty on "any portion of an underpayment of tax required to be shown on a return" if the underpayment is due to negligence or disregard of rules or regulations. As defined in the Code, "'negligence' includes any failure to make a reasonable attempt to comply with the provisions of this title, and the term 'disregard' includes any careless, reckless, or intentional disregard."[14] Negligence has been further defined as a "'lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances.'"[15] A return position is not negligent if it is grounded in a reasonable basis.[16] However, a return position that is "merely arguable or that is merely a colorable claim" does not satisfy the reasonable basis standard.[17] The penalty also will not apply to any portion of the underpayment for which there is reasonable cause and the taxpayer acted in good faith.[18]

---

[14]Sec. 6662(c).

[15]See Neely v. Commissioner, 85 T.C. 934, 947 (1985) (quoting Marcello v. Commissioner, 380 F.2d 499, 506 (5th Cir. 1967), aff'g in part, remanding in part 43 T.C. 168 (1964), and T.C. Memo. 1964-299).

[16]Sec. 1.6662-3(b)(1), Income Tax Regs.

[17]Sec. 1.6662-3(b)(3), Income Tax Regs.

[18]Sec. 6664(c)(1).

[*11] Respondent bears the burden of production as to the penalties,[19] and he has satisfied his burden. This area of law is well settled, and respondent's position is based on a 45-year-old case with facts very similar to those that are before us.

Petitioners have failed to show that they had a reasonable basis for deducting the expenses associated with Mr. Tracy's legal education. Petitioners' only argument is that the penalties should not apply because they should prevail on the merits. Additionally, petitioners have failed to prove any other defenses.

Accordingly, we sustain the penalties under section 6662(a) for 2010 and 2011.

IV. Conclusion

On the basis of our examination of the record before us, we find that petitioners are not entitled to deduct the expenses associated with Mr. Tracy's legal education because the education did not maintain or improve skills required

---

[19]See Sec. 7491(c).

**[*12]** in his trade or business.  Further, they are liable for accuracy-related penalties for 2010 and 2011.

To reflect the foregoing,

<u>Decision will be entered for</u>

<u>respondent</u>.