T.C. Summary Opinion 2018-51

UNITED STATES TAX COURT

ENRIQUE FERNANDO DANCAUSA VALLE, Petitioner <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5227-17S.                    Filed November 5, 2018.

Enrique Fernando Dancausa Valle, pro se.

Aaron M. Greenberg, for respondent.

SUMMARY OPINION

PANUTHOS, <u>Special Trial Judge</u>:  This case was heard pursuant to the

provisions of section 7463 of the Internal Revenue Code in effect when the

petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not

_____

[1]Unless otherwise indicated, subsequent section references are to the

(continued...)

reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

In a notice of deficiency dated December 8, 2016, respondent determined a deficiency of $3,955 in petitioner's 2014 Federal income tax.

The sole issue presented for decision is whether petitioner is entitled to deductions for education expenses incurred in 2014 while pursuing a master of laws (LL.M.) degree from New York University (NYU).

## Background

The parties stipulated some of the facts, and they are so found. We incorporate the stipulation of facts and the attached exhibits herein by this reference. Petitioner resided in New York when the petition was timely filed.

## I.     Education and Professional Background

Petitioner earned his law degree (Licenciatura en Derecho) from Carlos III University in Spain in September 2006. That same month he began working as a full-time associate at the Madrid, Spain, office of PricewaterhouseCoopers Tax & Legal Services, S.L. (PwC). Petitioner continued his foreign legal education while

---

[1](...continued)
Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. We round monetary amounts to the nearest dollar.

working at PwC, earning an LL.M. degree with a major in corporate law from Instituto de Empresa Law School in Spain in July 2008. In November 2009 petitioner began work as an associate at Bird & Bird LLP's office in Madrid. On January 8, 2010, petitioner was admitted to the bar association of Madrid; he has since maintained a license to practice law in Spain.[2] In September 2010 petitioner commenced work at the Madrid offices of Olswang LLP, an international law firm. From September to December 2011 petitioner was stationed at the London, England, office of Olswang LLP. Petitioner describes his tasks at each of PwC, Bird & Bird LLP, and Olswang LLP as "among others, drafting specialized legal documents, such as contracts and memoranda, researching and analyzing legal and business requirements for clients and providing advice on legal matters."

After practicing law for several years in Madrid and London, petitioner moved to New York City to pursue an additional LL.M. degree at NYU. Petitioner enrolled at NYU in September 2013 and earned his LL.M. in May 2014. Beginning in September 2013, petitioner participated in NYU's pro bono placement program as a legal intern for the Africa-Asia Agricultural Enterprise

---

[2]Under Spanish law, lawyers must become registered members of a Spanish bar association in order to practice law. See General By-law of Spanish Bar Associations (B.O.E. 2001, 658).

Pro Bono Program at Sidley Austin LLP, an international law firm.  Petitioner paid

tuition expenses of $27,435 to attend NYU's LL.M. program during tax year 2014.

On June 5, 2014, the international law firm Shearman & Sterling LLP

(Shearman) offered petitioner a visiting attorney position as part of its

International Associate Program (IAP).[3]  As described on Shearman's website, the

"ideal candidate" for the IAP has completed "both a law degree in his or her home

country and an LL.M. program in a U.S. law school."  International Associate

Program, Shearman & Sterling, https://www.shearman.com/careers/legal/

international-associate-program (last visited Oct. 29, 2018).  Petitioner began his

employment with Shearman on September 8, 2014, and was assigned to the

mergers and acquisitions practice group.  Shearman did not reimburse petitioner

for the tuition expenses he incurred while earning his LL.M. degree.  On July 1,

---

[3]For tax year 2014, petitioner would not have been eligible to practice law in New York based solely on his admission to the bar in Spain.  As of December 2015, attorneys admitted to the bar in a foreign jurisdiction are eligible to work in New York on a "temporary basis" under specific conditions; however, such attorneys may not establish a continual presence in the State for the practice of law.  See N.Y. Comp. Codes R. & Regs. tit. 22, pt. 523 (2018); see also Press Release, New York State Unified Court System, Chief Judge Announces New Rules Authorizing the Temporary Practice of Law by Foreign Attorneys, Permitting Foreign Lawyers to Register as In-House Counsel (Dec. 15, 2015) (on file with the New York State Unified Court System).  If the 2015 rule had applied to the tax year in question, petitioner would still have needed to be admitted to the bar in New York to establish a permanent practice.

2016, petitioner's salary was increased to $180,000 per year, a salary commensurate with that of a typical second year associate. Petitioner describes his tasks at Shearman as "drafting specialized legal documents, such as contracts and memoranda, researching and analyzing legal and business requirements for clients and providing advice on legal matters."

Petitioner's LL.M. degree from NYU satisfied all requirements to take the New York State bar examination. See N.Y. Comp. Codes R. & Regs. tit. 22, pt. 520 (2018). Petitioner would not have satisfied the requirements to take the New York State bar examination with his other degrees and qualifications. On October 24, 2016, having passed the New York State bar examination, petitioner was admitted to the practice of law in New York.

Petitioner continued to work as a visiting attorney at Shearman and to receive pay raises. On October 4, 2016, and January 1, 2017, petitioner's salary increased first to $190,000 and then $210,000, respectively. On May 21, 2017, petitioner became an associate at Shearman in the mergers and acquisitions practice group. His salary increased to $235,000 on January 1, 2018.

## II.     2014 Income Tax Return

Petitioner timely filed a 2014 Form 1040NR, U.S. Nonresident Alien Income Tax Return,[4] prepared by his certified public accountant.  Petitioner's stated occupation on the Form 1040NR was "Lawyer".  Petitioner reported wage income of $43,226 and claimed $30,901 in total itemized deductions on a Schedule A, Itemized Deductions, which included $27,435 described as "educational expenses deductible under Treasury Reg. 1.162-5" (education expenses).

## III.    Notice of Deficiency and Trial

In the notice of deficiency respondent disallowed petitioner's claimed deductions for education expenses of $27,435.[5]  Respondent does not raise any issue with regard to substantiation of the amount paid.  Petitioner asserts that the claimed deductions are ordinary and necessary business expenses relating to his activities as an international attorney.

---

[4]Petitioner was a citizen of Spain in 2014.

[5]The notice of deficiency includes an adjustment of $8 claimed as other miscellaneous deductions that petitioner never challenged.  Accordingly, that adjustment is deemed to be conceded.  See Rule 34(b)(4) ("Any issue not raised in the assignments of error shall be deemed to be conceded.").

## Discussion

I.      Burden of Proof

In general, the Commissioner's determination set forth in a notice of deficiency is presumed correct, and the taxpayer bears the burden of proving that the determination is in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Deductions and credits are a matter of legislative grace, and the taxpayer bears the burden of proving that he is entitled to any deduction or credit claimed. Deputy v. du Pont, 308 U.S. 488, 493 (1940); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Taxpayers must comply with specific requirements for any deductions claimed. See INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. at 440. Taxpayers must also maintain adequate records to substantiate the amounts of any credits and deductions. See sec. 6001; sec. 1.6001-1(a), Income Tax Regs.

Pursuant to section 7491(a), the burden of proof as to factual matters shifts to the Commissioner under certain circumstances. Petitioner has not alleged or otherwise shown that section 7491(a) applies. See sec. 7491(a)(2)(A) and (B). Therefore, petitioner bears the burden of proof. See Rule 142(a).

II.    Education Expenses

Petitioner claimed deductions for education expenses for his studies at NYU in 2014.  Petitioner asserts that these expenses relate to his activities as an international attorney.  Respondent asserts that petitioner's expenses are not deductible under section 162 for the following reasons:  (1) petitioner did not prove that they are ordinary and necessary business expenses and (2) petitioner's program of study (NYU LL.M. degree) qualified him for a new trade or business.

A.  Ordinary and Necessary

Section 162(a) generally allows deductions for "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business".  The taxpayer bears the burden of proving that expenses were of a business nature rather than personal and that they were ordinary and necessary.  Rule 142(a); Welch v. Helvering, 290 U.S. at 115.

In general, education expenses are deductible as ordinary and necessary business expenses (even though the education may lead to a degree) if the education:  (1) maintains or improves skills required by the taxpayer in his employment or other trade or business or (2) meets the express requirements of the taxpayer's employer, or of applicable law or regulations, imposed as a condition to the retention by the taxpayer of an established employment relationship, status, or

rate of compensation. Sec. 1.162-5(a), Income Tax Regs. Expenses that fall into either of these categories are nevertheless not deductible if the education: (1) is necessary to meet the minimum education requirements for qualification in the taxpayer's employment or (2) qualifies the taxpayer for a new trade or business. Id. para. (b). Such expenses are considered "personal expenditures or constitute an inseparable aggregate of personal and capital expenditures". Id. subpara. (1).

Petitioner has not asserted, nor does the record reflect, that his LL.M. degree met the express requirements of his employer or of applicable law or regulations imposed as a condition of the retention of his employment. See id. para. (a)(2). Petitioner asserts that he was not required to hold an LL.M. or to be professionally licensed in the United States in order to gain employment through the IAP at Shearman. Because of our conclusions infra on other disqualifying criteria, we need not and do not reach a conclusion as to whether the education was necessary to meet minimum education requirements for employment.

B. Qualification for New Trade or Business

Petitioner argues that he was an international attorney before earning his LL.M. and that his additional degree merely improved the skills required in his existing trade. Whether education maintains or improves skills required by the taxpayer in his employment is a question of fact. Boser v. Commissioner, 77 T.C.

1124, 1131 (1981), aff'd without published opinion, (9th Cir. Dec. 22, 1983); Scully v. Commissioner, T.C. Memo. 2013-229, at *9.  For educational expenses to be deductible as business expenses, there needs to be a direct and proximate relationship between the education and the skills required for the taxpayer's job; however, a precise correlation is not necessary.  Boser v. Commissioner, 77 T.C. at 1131.

There is no dispute that before and after receiving the LL.M. degree, petitioner worked in the field of law; specifically, corporate international law. Respondent does not raise any issue with regard to petitioner's lapse in employment while pursuing the degree.[6]  Consequently, the proper focus is on the effect of the LL.M. on the work petitioner was qualified to perform.

When education qualifies a taxpayer to perform tasks and activities significantly different from those he could perform before the education, then the education is deemed to qualify the taxpayer for a new trade or business.  Robinson

---

[6]A currently unemployed taxpayer can remain engaged in a trade or business in which he was previously involved and to which he intends to return.  Haft v. Commissioner, 40 T.C. 2, 6 (1963).  Although petitioner left his position as an attorney in Spain to come to the United States without the promise of a specific position upon completing the LL.M. degree, petitioner was only temporarily unemployed.  His intention to return to the practice of law is shown both by his employment history since obtaining the degree and the nature of the degree itself, which continued his legal education.

v. Commissioner, 78 T.C. 550, 552 (1982). Petitioner, on whom the burden of proof rests, must therefore prove that the education pursued did not qualify him to perform significantly different tasks from those he performed before the education and admission to the New York State Bar. We apply an objective standard in considering whether specific education qualifies a taxpayer for a new trade or business. Id. at 556-557.

Petitioner relies on Allemeier v. Commissioner, T.C. Memo. 2005-207, in which a taxpayer performed sales, marketing, and management functions both before and after receiving a master of business administration (M.B.A.) degree. In that case we held that expenses incurred to obtain the M.B.A. were deductible because the advanced degree did not qualify the taxpayer for a new trade or business. The M.B.A. improved the taxpayer's existing skills and did not qualify him to perform tasks and activities significantly different from those he could perform before receiving the advanced degree. Petitioner asserts that his situation is comparable to Allemeier because the LL.M. improved his skills as an international attorney but did not significantly change the duties he was qualified to perform. Petitioner notes that these duties included drafting specialized legal documents, researching and analyzing legal and business requirements for clients, and providing advice to clients on legal matters.

The Court concludes that petitioner's day-to-day duties before and after receiving the LL.M. were somewhat similar. However, as noted in Allemeier v. Commissioner, slip op. at 14, an M.B.A. differs from a professional degree such as an LL.M. received by a foreign lawyer not admitted to a State bar because the M.B.A. is not a course of study that leads to qualification for a professional certification or license. In contrast to the taxpayer's education expenses in Allemeier, petitioner's education expenses were incurred to obtain a degree which later allowed him to take the New York State bar examination and become qualified to practice law in the United States.

Respondent asserts that petitioner's education expenses qualified him in a new trade or business, citing O'Connor v. Commissioner, T.C. Memo. 2015-155, aff'd, 653 F. App'x 633 (10th Cir. 2016). In that case the Court held that a U.S. citizen taxpayer who was licensed to practice law in Germany could not deduct the expenses of a jurisprudence degree obtained in the United States. The taxpayer had not established himself in the legal profession in the United States before obtaining his degree, and thus the expenses were incurred in association with entering into a new trade or business. O'Connor v. Commissioner, at *9; see also

Horodysky v. Commissioner, 54 T.C. 490, 493 (1970).[7] Petitioner argues that his situation is distinct because, unlike Mr. O'Connor, he was a practicing attorney in the same type of law both before and after receiving his degree.

The Court accepts petitioner's contention that the LL.M. degree improved his skills as an international attorney. In taking primarily corporate law courses in the United States, he likely expanded his knowledge of subject matter used in his work in international mergers and acquisitions and enhanced his practical English skills. Nonetheless, the LL.M. degree also qualified him to perform tasks and activities significantly different from those he could perform before obtaining it. As in O'Connor v. Commissioner, at *9, petitioner was not eligible to sit for the New York State bar examination before obtaining his degree and had not established himself as an attorney in the United States before incurring the educational expenses. After receiving his LL.M. degree petitioner was permitted to take the bar exam and, upon passing it and meeting all other eligibility requirements, be admitted to practice as an attorney in New York. See also

---

[7]In Horodysky v. Commissioner, 54 T.C. 490 (1970), a taxpayer admitted to the practice of law in Poland immigrated to the United States. The taxpayer incurred expenses to obtain a law degree in the United States as a prerequisite to admission to practice law in Ohio. The Court concluded the education expenses were personal and not deductible because the taxpayer had "commendably invested much of his time to meet the minimum requirements for qualification in a new trade or business in this country". Id. at 493.

Thompson v. Commissioner, T.C. Memo. 2007-174, slip op. at 5 ("An individual who, through education, improves his skills in an existing trade or business may also become qualified for a new trade or business.").

For these reasons, we conclude that although petitioner may have improved his skills as an international attorney by obtaining his LL.M., the degree qualified him for a new trade or business, the practice of law in New York. Therefore, petitioner's education expenses are properly considered personal expenditures rather than ordinary and necessary business expenses.

III.    Conclusion

For the reasons stated above, we conclude that petitioner is not entitled to the claimed deductions for education expenses for taxable year 2014.

We have considered all of the parties' arguments, and, to the extent not addressed herein, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

Decision will be entered for

respondent.